CASE 54.—ACTION BY THE CITIZEN'S DEPOSIT BANK AGAINST J. T. MOREHEAD ON A NOTE.—Nov. 17.

## Morehead v. Citizens Deposit Bank

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff, defendant appeals—Reversed.

1. Evidence—Parol Evidence — Parties to Note — Nature of Liability.—In determining whether one occupied the relation of surety on a note, the court may, as between the original parties, consider parol testimony.

2. Bills and Notes—Liabilities of Parties—Surety—Evidence.— Evidence held to show that one was a surety on a note.

3. Bills and Notes—Accommodation Paper—Liability of Maker.— As between himself and the party accommodated, the maker of accommodation paper is a surety, and his right to recourse against the party accommodated is that of a surety against his principal, and as to other holders of the paper his liability is in general that of a similar party, maker, acceptor, or indorser, who receives value, but he is so far a surety, as to holders with notice of his accommodation character, that he is discharged by arrangements made to his prejudice with the principal debtor without his knowledge.

4. Bills and Notes—Accommodation Paper—Liability of Maker.— A person who executed a collateral note simply as accommodation paper, with a distinct understanding with the payee that he was a surety only for a third person executing a note to the payee, is released under circumstances that will release any other surety.

5. Pledges — Accommodation Paper — Liability of Maker. — The general doctrine is that the removal of a note secured by collateral security does not release the collateral.

6. Principal and Surety — Accommodation Paper — Liability of Maker.—A payee who accepts from the maker a renewal note in consideration of the payment of interest in advance cannot

Morehead v. Citizens Deposit Bank.

sue the maker until the maturity of the renewal note, and a surety of the maker, having no knowledge of the renewal note, is therefore released from liability, especially where the maker at the time of the renewal was solvent and has since become a bankrupt.

7. Principal and Surety—Liability of Surety—Estoppel.—Evidence held not to estop the surety on a note from relying on his release from liability because of the payee's acceptance from the maker of a renewal note in consideration of the payment of interest in advance.

8. Principal and Surety — Liability of Surety — Estoppel. — The fact that an attorney of a surety on a note offered to pay the note under the mistaken belief that the surety was liable, when as a matter of fact, he had been released, did not estop the surety from defending on the ground that he had been released.

WM. B. NOE and J. W. BOSTON for appellant.

CASES CITED.

Hey v. Harding, 21 Ky. Law Rep., 771; Day v. Billingsly, 3 Bush, 157; Norton on Bills & Notes, Chap. 5, p. 176; Chester v. Dorr, 41 N. Y., 279; Hascall v. Whitmore, 19 Me., 102; Brower v. Hastings, 36 Pa. St., 287; Barnett v. Offerman, 7 Watts, 130; Hofferman v. Foster, 43 Pa. St., 137; Battle v. Weems, 44 Ala., 105; Miller v. Larnard, 103 Ill., 570; Thompson v. Paston, 1 Duvall, 389; Kentucky Nat. Bank v. Martin, 15 Ky. Law Rep., 646; Lee v. Smead, 1 Metc., 628; Aleander v. Springfield Bank, 2 Metc., 534; Frazer v. Edwards, 5 Dana, 538; Atkinson v. Tennill, 14 Ky. Law Rep., 922; Norton v. Roberts, 4 T. B. Mon., 491; Farmers & Merchants Bk. v. Cosby, 4 J. J. Mar., 366; Craig v. Cox, 2 Bibb, 309; Jones v. Bullock, 3 Bibb, 467; Edwards v. Coleman, 7 Mon., 567; Blakely v. Johnson, 3 Bush, 197; 26 American Reports, 254; Warran v. Fant's Trustees, 79 Ky., 1; Clark v. Patton, 4 J. J. Mar., 33; Reid v. Watts, 4 J. J. Mar., 440; Helm's Admr. v. Young, 9 B. Mon., 394; Aaron v. Mendal, 78 Ky., 427; Brooking v. Farmers Bank, 83 Ky., 431; Sparks v. Hall, 4 J. J. Mar., 35; Sneed v. White, 3 J. J. Mar., 525; Fletcher v. Dysart, 9 B. Mon., 413; Bank v. Goodman, (Neb.) 75 N. E., 846; Buck v. Bank of State of Georgia, 30 S. E. Rep., 872; 45 At. Reports, 582, (Penn.); The Bank of Albion v. Robert Burns, &c., 46 N. Y., 170; Carpenter v. Bank, 106 Pa., 170; McCartney v. Kipp, 171 Pa., 664; 48 Atl. Pep. (Penn.), 686; Railey v. American Deposit & Loan Co. 00 N. Y. State Rep., 330; Corn Exchange Bank

of the City of New York v. American Dock & Trust Co., 57 N. E. Rep., 477; Story's Eq. Jurisprudence, vol. 1, secs. 211, 212, 213, 214, 215, 218, 323, 324, 325; Ruffner v. Ridley, 81 Ky., 618; Burks v. Wanterlin, &c., 6 Bush, 22; Brandet on Suretyship, secs. 201, 348, 350, 352, 361, 365; First Nat. Bk. of Stafford v. Mattingly, 92 Ky., 656; Hand v. Frelch, 3 Ky. Law Rep., 427; Woolley v. Louisville Banking Co., 81 Ky., 527; Halderman v. German Security Bank, 19 Ky. Law Rep., 1691; 10 Bush, p. 59; Hubble v. First Nat. Bank of Stafford, 9 Ky. Law Rep., 766; Whit. on Liens; Brandit on Suretyship, 2nd Ed., sec. 34; Price v. Dime Savings Bank, 124 Ill., 317; 7 American St. Rep., 367; Wirgman v. Miller, 98 Ky., 620; N. Y. Life Ins. Co. v. Miller, 27 Ky. Law Rep., 230; Daviess Co. Bank & Trust Co. v. Wright, &c., 33 Ky. Law Rep., 457; Alley v. Hopkins, &c., 98 Ky., 668; Robinson v. Miller, &c., 2 Bush, 179; Cyc. vol. 7, pp. 725, 882, 891, 887, 894, 897, 899; American & Eng. Encyc. of Law, vol. 1, pp. 379, 380; Jungbecker, &c. v. Huber, (Texas.) S. W. Rep., 105, p. 487.

J. H. MILLER for appellee.

BEN D. RINGO of counsel.

POINTS AND AUTHORITIES.

1. The proof in this case fails to show that there was any limited time for which said collateral note should be used.

2. The renewal of the original indebtedness did not release the collateral security note. (Bank of America v. McNeil, 10 Bush, 54; Koehler v. Hussey, 22 Ky. Law Rep., 321; Colebrook on Collateral Securities, sec. 14.)

3. The consideration is ample and sufficient to uphold the execution of said collateral note by J. T. Morehead. (Powell on Contracts, 344; Woolridge, &c. v. Cates, 2 J. J. M., 222; Bank of Martin v. Cassidy, &c., 20 Ky. Law Rep., 66; Am. & Eng. Enc. of Law, vol. 4, 299; Gano v. Finnel, 13 B. Mon., 390; Amer. & Eng. Ency. of Law, vol. 1, secs. 379, 380, 381; Congleton & Bro. v. W. T. & E. G. Garrard, 22 Ky. Law Rep., 819; Barboraux v. Barker, 4 Met., 47; Colebrook on Collateral Securities, 27, 31, 41, 1899; Swift v. Tyson, 16 Peters, 1; Alexander v. Springfield Bank, 2 Met., 537; Daniel on Negotiable Instruments, vol. 1, pp. 823, 827; Wilkins v. Usher, 29 Ky. Law Rep., 1232.)

4. The appellant admits his liability on said collateral note at and after the date of bankruptcy proceedings by J. W. Morehead.

5. The collateral note is not released by failure of appellee to prove and file its claim in the bankruptcy proceedings of J. W.

Morehead v. Citizens Deposit Bank.

Morehead. (United States Bankrupt Law of 1898, sec. 57, subsection 1.)

6. This collateral note is not released by the discharge of said J. W. Morehead in said bankruptcy proceedings. (United States Bankrupt Law of 1898, sec. i, subd. 12.)

7. Appellee has the right to enforce the collection of said collateral note. (Colebrook on Collateral Securities, 1, 31, 71, 90, 91, 112, 113, 447; Matson v. Alley, 141, 111, 284; Hodges v. Nash, 141 Ill., 391; Berenbroick v. Stephens, 8 Weekly Dig., (N. Y.) 163; Daniel on Negotiable Instruments, vol. 1, 831b, 833; 8 Cyc. 83, and notes thereto; Roberts v. Farmers Bank, 25 Ky. Law Rep., 2296; Day v. Kenton, 22 Ky. Law Rep., 1917; Bonta v. Curry, 3 Bush, 678; Noland v. Clark, 10 B. Mon., 239; Schindler v. Hayden's Admr 8 Ky. Law Rep., 859; Stevens v. Morrow, 4 Ind., 425.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

J. W. Morehead, a son of appellant, was indebted to the Citizens' Deposit Bank in the sum of $750. The Bank agreed that, if he would execute a note for this sum and secure the note by proper collateral, he could have further time within which to pay his debt. He then went to his father, J. T. Morehead, and brought him to the bank. There the president of the bank explained to him that it was necessary to have a surety for the note executed by his son, and appellant, after some hesitation, acquiesced in the arrangement. For the purpose of carrying out the arrangement, he executed a note payable one day after date for the sum of $750 to J. T. Morehead Company, the firm name under which J. W. Morehead was doing business. This note was then indorsed by J. W. Morehead for the firm, and delivered to the bank. The note of J. W. Morehead was not paid at maturity, but was renewed some three or four times thereafter, and the interest paid thereon. After all these renewals were made, and after the expiration of about

vol 130—14

two years and a half, the bank sued J. T. Morehead on the collateral note held by it. He defended on the ground that he was in effect a surety for his son, J. W. Morehead, on the original note of $750 executed by him to the bank; that after J. W. Morehead's note became due it was renewed three or four times, and the interest paid thereon; that this was done without his knowledge or consent; that such renewals operated to his prejudice, and served to release him from his liability as surety. The court rendered judgment for plaintiff below, and the defendant appeals.

The first question is: Did J. T. Morehead occupy the relation of surety on the note of J. W. Morehead? For the purpose of determining this question, we are not confined solely to this instrument executed, but may consider parol evidence. 1 Am. & Eng. Ency. of Law (2d Ed.) p. 343. According to the testimony of appellant, he signed the note as collateral security for the note executed by his son. The president of the Citizens' Deposit Bank testified as follows: "J. W. Morehead at that time was indebted to the bank in the sum of $750, which amount was then due. I requested of him that said note or debt herein be paid or secured in some manner; if he desired to get any extension of time on it, it must be secured. Some time after I had informed him of that fact he and his father came to the bank—it was not in my office—and he proposed the execution of this note at that time by his father, J. T. Morehead, to be given as collateral security to be executed by his father, J. T. Morehead, to him, and which note be assigned to the bank as collateral, at the same time executing his note with which this was filed as collateral security for $750, and he was given four months' time from that date by the execution of those notes.

Q. What conversation did you have with Mr. J. T. Morehead at that time about this transaction? A. They came in, and it is a fact that when the nature of the case was stated that we required a surety for the execution of this note Mr. J. T. Morehead did have some hesitancy in signing the note, and eventually he said he would sign it as it was his boy, and he wanted to help him out, and he was willing to do that much for him." It is manifest from the foregoing that J. T. Morehead regarded himself in the light of a surety upon the $750 note of his son, and that the president of the bank regarded him in the same light and accepted the collateral note with full knowledge of the relation which J. T. Morehead sustained to the note of his son. We think the rule is now well established that, as between himself and the party accommodated, the accommodation party is in effect a surety, and his right to recourse against the party accommodated is that of a surety against the principal debtor. As to other holders of the paper, his liability is in general that of a similar party (maker, acceptor, or indorser) who receives value, but he is so far a surety as to holders with notice of his accommodation character that he will be discharged by arrangements made to his prejudice with the principal debtor without his knowledge. 7 Cyc. 725; Guild v. Butler, 127 Mass. 386; Price County Bank v. McKenzie, 91 Wis. 658, 65 N. W. 507. Applying this principle to the case under consideration, we find that the collateral note was simply an accommodation paper; that it was executed with the distinct understanding with the bank that J. T. Morehead was in effect a surety on the $750 note executed by his son to the bank. This arrangement was

effected, not only with the knowledge of the bank, but by agreement with it.

Counsel for appellee insist, however, that the rule is that the renewal of a note secured by collateral security does not have the effect to release any of the collateral pledged to secure it. There can be no doubt that this is the general doctrine and is recognized by this court in Bank of America v. McNeil, 10 Bush, 54, and Koehler v. Hussy, 57 S. W. 241, 22 Ky. Law Rep. 317; but the facts of those cases bear no similarity to the case under consideration. The note in this case was not merely collateral deposited to secure the payment of a debt from J. W. Morehead to the bank, but was a note executed under and by virtue of an arrangement with the bank whereby it was agreed that J. T. Morehead was a surety upon the note of his son, We therefore conclude that he should be released under the same circumstances and conditions that any other surety should be released.

The record in this case shows that the original note was renewed some three or four times. The last renewal which is filed with the petition in this case, is for the sum of only $750, with interest from the date of its maturity. This indicates, not only that the interest on the note was paid, but that it was paid in advance. The acceptance of the interest thus paid was sufficient consideration for the renewal of the note. By accepting the new note under such circumstances, the bank put it out of its power to sue the principal debtor until the renewal note became due. This was true in the case of each of the renewals. Therefore, during each period of renewal, appellant could not have paid off the indebtedness of his son and taken steps to protect himself. We therefore conclude that he was prejudiced by the renewals made

without his knowledge or consent, and that such action on the part of the bank released him from liability on the collateral note sued on in this action. Stegar v. Jackson, Sr., 102 S. W. 329, 31 Ky. Law Rep. 434; Post v. Losey, 111 Ind. 74, 12 N. E. 121, 60 Am. Rep. 677; Perley v. Loney, 17 U. C. Q. B. 279; Alley v. Hopkins, 98 Ky. 668, 34 S. W. 13, 17 Ky. Law Rep. 1227, 56 Am. St. Rep. 382. Especially should we hold this in view of the further fact that there is proof tending to show that J. W. Morehead was solvent at the time of the first renewal, and appellant might, if the bank had not made such renewal, take steps to protect himself.

But appellee insists that a note, amounting to $1,000, was filed against the estate of J. W. Morehead, who was adjudged a bankrupt, in favor of appellant, and that a note of $200 was also filed in favor of his attorney, which notes were filed for the purpose of securing appellant in the payment of the collateral note of $750 sued on in this action; that such action was a recognition by appellant of his liability to appellee, and constitutes an act of estoppel. Appellant and his son both swear that the latter was indebted to the former in the sum of $1,200 to $1,400. Opposed to this testimony is that of certain statements made by the son to the effect that he owed his father nothing. There is also the circumstance that, when appellant's attorney collected appellant's pro rata on the notes filed in the bankruptcy proceedings, he went to the bank and deposited the proceeds with it, to be applied on the note of $750. A few minutes thereafter, however, he returned to the bank and agreed to pay the money on the note of $750 executed by appellant, provided the bank would release appellant from further liability thereon. He claims that

he reconsidered his action because he realized the fact that, in paying the money absolutely in the first instance, he was acting without authority. We do not think these facts are sufficient to estop appellant from setting up the defense made to the note sued on. The preponderance of evidence is to the effect that the son did owe the father. Even if appellant's attorney, under the mistaken belief that he was still liable as surety, had offered to make a payment on the note, this fact alone would not estop him from defending on the ground that he had been released, when, as a matter of fact, he had been released. Brandt on Suretyship, section 160; Robinson v. Offutt, etc., 7 T. B. Mon. 540.

Being of the opinion that the collateral note sued on is simply accommodation paper, that it was accepted by the bank with the full knowledge and understanding that appellant was a mere surety on the note executed by his son, that the bank, without the knowledge or consent of appellant and for a valuable consideration, renewed the son's note on three or four occasions, and that appellee has shown no facts which would estop appellant from setting up the defense relied on, we therefore conclude that appellant has been released from all liability.

The judgment is reversed, and cause remanded, with directions to dismiss the petition.