## Byassee v. Evans.

(Decided April 28, 1911.)

## Appeal from Hickman Circuit Court.

Appeals—Conflicting Evidence—Doubt of Correctness of Judgment—Finding of Lower Court Sustained.—While in an equity case we will give judgment according to the weight of the evidence and the truth as it shall appear from the whole record, when we find the evidence, as in this case conflicting, and the question of fact, by reason thereof, difficult of solution, some reliance should be placed in the circuit judge's acquaintance with the parties and witnesses, and his consideration of the evidence, and if unconvinced by careful consideration of the record that he has erred to the prejudice of the substantial rights of the appellant, or on the whole case there is merely a doubt in our minds as to the correctness of the judgment, it will not be disturbed.

BULLOCK & VIA for appellant.

JOS. W. BENNETT, ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action in equity was instituted by appellant against appellee to obtain a settlement of a partnership, the business of which was conducted by them in the years 1904 and 1905. It was alleged in the petition that a complete settlement of the partnership accounts would show appellee indebted to appellant in the sum of $454.52, and for this amount the latter prayed judgment.

The appellee's answer and counterclaim denied any indebtedness on his part to the partnership or to appellant, and alleged an indebtedness of the latter to him of $611.45, for which he prayed judgment. After the completion of the issues the case was referred to a commissioner to state and settle the partnership accounts. He took proof and reported a settlement which showed a balance due appellee of $15.50. Both parties excepted to the report. Upon submission of the case the court sustained many of the exceptions and found there was due appellee from appellant $328.10, for which the former was given judgment and from that judgment this appeal is prosecuted.

The parties agreed, save in one particular, as to the terms of the partnership. Its business was that of buying and selling stock in Hickman County. Appellant was

to furnish and deposit in a bank to his own credit the money required to start the business and appellee was to buy and sell all the stock handled by the partnership; pay for the stock purchased with checks on the bank drawn by appellee in the name of appellant by his own, and to deposit in the bank in appellant's name all moneys received from sales of partnership stock. The one particular in which appellant and appellee failed to agree was as to the matter of a division of losses, it being the contention of the former that they were to share equally the losses and profits of the business and of the latter that they were to share equally the profits and that the losses were to be borne by appellant alone; but as there were no losses of consequence this disagreement was not material. In substantially every sale of stock there appears to have been a profit, though it was usually small. The evidence as to some of the issues was conflicting, but it fully established the facts that appellee during the continuance of the partnership deposited in bank to appellant's credit various amounts received from sales of partnership stock aggregating $12,391.44, upon which he checked in paying for stock to the amount of $11,890.-30. This left in bank to the credit of appellant but $501.-14 belonging to the firm which he checked out of the bank and appropriated. The circuit court held, however, that appellee was entitled to one-half of it, $250.72, and that the firm owed him that amount.

The circuit court also found from the evidence that the firm was indebted to appellee in the further sum of $557.34, made up of $236.67, proceeds of sheep; $118.11 proceeds of hogs; $21.90 proceeds of a steer, all of which stock was appellee's individual property, but was sold with stock of the firm and the proceeds deposited in bank with the proceeds of the firm's stock to the credit of appellant. The remainder of the charge of $537.30 was made up of an item of $66.00, the value of corn fed by appellee to stock of the firm at appellant's request; $20.91 in merchandise furnished one Twyford at appellant's request; $15.40 account for merchandise furnished appellant himself; $36.60 paid Jo Evans at appellant's request; and $41.75 paid one Vaughn at appellant's request.

The items of merchandise appellee furnished appellant and Twyford, and of cash he furnished J. O. Evans, and Vaughn, were not matters that properly entered into the settlement of the partnership, but it does not seem

to have been denied by appellant that they were just demands, or claimed that he should not have been charged with them. The circuit court likewise found that the partnership was chargeable with $382.50 due appellant for certain stock belonging to him individually, which was sold by appellee with stock of the firm and the proceeds deposited by him in bank with the money realized for the firm's stock. The difference between appellee's claim of $557.34, allowed against the firm, and that of $382.50, allowed appellant against the firm, was $174.84, one-half of which, $87.42, was held to be due appellee and this half was made a charge against appellant.

So, the account between appellant and appellee was finally stated by the court below as follows:

D. T. Byassee to J. W. Evans,                         Dr.

To one-half of excess of amounts deposited by
    Evans' over checks .................... $250.72
To one-half of excess put in firm by Evans
    over amount put in by Evans over Byassee      87.42

Total amount Byassee's indebtedness to
    Evans .......................... $338.14

It will be observed, however, that the amount for which appellee was given judgment against appellant was $328.10. This amount was arrived at by the court's deducting from the $338.14 balance found in appellee's favor, $10.00, which he checked out of the firm's money in the bank and applied to his individual use. This was the only money of the firm that the evidence shows appellee appropriated to his personal use. He admits its appropriation and was properly charged with it, but in subtracting the $10.00 from the $338.14, the court took no account of and knocked off four cents, making the amount for which appellee was given judgment, $328.10 instead of $328.17, the actual balance.

It is claimed by appellee in his deposition that in addition to the deposits totaling $12,391.44 he had in bank, there was another of $1,519.63 realized from the sale of two car loads of cattle in East St. Louis; and that as appellant had checked out the $1,519.63 he should have been made to account therefor to the firm. The circuit court very properly, in our opinion, refused to charge appellant with this item. We think it reasonably apparent from the evidence that the deposit in question was not

made of the proceeds of a sale of cattle belonging to the firm composed of appellant and appellee, but that the $1,593.16 belonged to a different firm, composed of appellant and another Evans, which was likewise engaged in the business of buying and selling stock, and that the money was by mistake deposited to appellant's credit with the funds upon which appellee was authorized to check; and if so appellee cannot complain that it was checked out by appellant. Complaint is made both by appellant and appellee of the rejection by the circuit court of certain other credits claimed by them respectively, but we deem it unnecessary to discuss these items as we think the evidence authorized their rejection. Indeed, our consideration of the case has failed to convince us of any serious error in the conclusion reached by the circuit court. While in an equity case we will give judgment according to the weight of the evidence, and the truth as it shall appear from the whole record, when we find the evidence, as in this case, conflicting, and the questions of fact by reason thereof difficult of solution, some reliance should be placed in the circuit judge's acquaintance with the parties and witnesses and his consideration of the evidence; and if unconvinced by careful consideration of the record that he has erred to the prejudice of the substantial rights of the appellant, or on the whole case there is merely a doubt in our minds as to the correctness of the judgment, it will not be disturbed. Quigley v. Beam's Admr., 137 Ky. 325; Flowers, et al., v. Moorman & Hill, 27 P., 728; Campbell v. Trosper, 108 Ky., 602; Bank of Campbellsburg v. Minor, 30 Rep. 496; Akers v. Akers, 31 R., 36.

For the reasons indicated the judgment is affirmed.