## Rogers v. Hazel.

(Decided March 6, 1912.)

### Appeal from Daviess Circuit Court.

1. Surety—Action by Surety Against Co-surety—Evidence.—In an action by a surety against his co-surety to compel the payment of half the proceeds of a note paid, evidence of the facts leading up to the execution of the note and the disposition the principal made of it was competent.

2. Principal and Surety—Accommodation Party.—As between himself and the party accommodated, the accommodation party is in effect a surety, and his right to recourse against the party accommodated is that of a surety against the principal debtor, and it follows that as matter of right the party who claims to be one acting for the accommodation of another has the right to establish, if he can, that he is so acting.

3. Instructions.—An instruction was prejudicial to R. which told the jury if they believed when the note was executed there was an agreement that he was signing for H., they should find for R. This instruction was too narrow. Under it if the agreement entered into the making of a series of notes, it was not necessary that there should have been an express renewal of the agreement at the renewal of the last note.

LAVEGA CLEMENTS for appellant.

H. A. BIRKHEAD for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

The appellant, Rogers, the appellee, Hazel, and one Dougherty, prior to November 4, 1908, were the signers of a note to the Bank of Commerce of Owensboro, Kentucky. The Bank of Commerce brought its action on the note against Hazel and Rogers and obtained judgment against them. Hazel paid the judgment, amounting, as of November 4, 1908, to $600.59. He brought this action against Rogers to recover from him one-half of this sum. He proceeded upon the claim that he, Hazel, and Rogers were jointly bound as sureties of Dougherty, the prin-

cipal in the debt. Rogers answered, setting up that as between him and Hazel he signed the note as surety for Hazel, at the special instance and request of Hazel and solely for his accommodation; and that the money realized from the borrowing was used for the benefit of Hazel. Hazel replied, denying that Rogers signed as his surety or that the money was used for his, Hazel's, benefit. By a second paragraph of his reply he set up that in the suit of the Bank of ·Commerce against· Hazel and Rogers, above named, he, Hazel, filed a cross-petition against Dougherty; that on this cross-petition there was a trial had, which resulted in a finding that Hazel was a surety for Dougherty. A demurrer was interposed by Rogers to this paragraph of the reply, which was overruled by the court, and the judgment, ascertaining that as between Hazel and Dougherty the former was the surety of the latter, was admitted in evidence to the jury over the objection of Rogers. At any rate the record so discloses; and we are not at liberty to accept the statement in Hazel's brief that the record is incorrect in this respect. The case proceeded to a trial and resulted in a verdict and judgment in favor of Hazel against Rogers for $300.30, one-half of the amount paid. From that judgment this appeal is prosecuted.

It appears from the record that the note which was finally paid was the last of a series of notes and renewals signed by the parties named to the Bank of Commerce and that the proceeds of the original notes had been used for the·purpose of buying subscriptions to an Owensboro paper in a contest inaugurated by it, whereby the one obtaining the largest number of subscriptions or votes on subscriptions should have a free trip to Toronto. A Miss Hazel, a daughter of the appellee, was entered in this contest. It further seems that the contestant receiving the largest number of votes was to have the right of selecting a chaperone for the party of young ladies who might win the trip; and that it was arranged between Miss Hazel and Mrs. Dougherty that in the event of Miss Hazel's success, she would nominate Mrs. Dougherty as the chaperone. Upon the trial Rogers introduced in his behalf as a witness Mr. Dougherty, one of the signers of the notes, and sought to prove by him the facts leading up to the borrowing of the money and the disposition made of the proceeds of the notes. Hazel objected to this line of interrogation of Dougherty and the court sus-

tained the objection. This was error. The disposition made of the proceeds of the notes, and the arrangement under which the money was borrowed, was undoubtedly competent; for this testimony would have served to aid the jury in determining whether Hazel received the benefit of the proceeds of the notes, and to illustrate, therefore, whether in signing the notes Rogers was his surety.

A demurrer was interposed to the second paragraph of the reply of Hazel, in which he plead the judicial ascertainment of the fact that as between Hazel and Dougherty, Dougherty was the principal. This demurrer was overruled, and that judgment was read in evidence. This was error; for, conceding that Hazel was Dougherty's surety, that fact did not at all establish that as between Hazel and Rogers, the latter was not the surety of the former. Whatever may have been the relation between Dougherty and Hazel in the making of the paper, Rogers had the independent right to show that as between him and Hazel, he was the surety of Hazel; and that in signing the paper Rogers acted as a matter of accommodation for Hazel. "We think the rule is now well established that as between himself and the party accommodated the accommodation party is in effect a surety, and his right to recourse against the party accommodated is that of a surety against the principal debtor." Morehead v. Citizens Deposit Bank, 130 Ky., 414. If payment of this debt had been coerced from Rogers he undoubtedly would have been entitled, under the authority of this case, to proceed against Hazel as the principal; and if he had succeeded in establishing by proof that he was only an accommodation party upon the note as to Hazel, he would have been entitled to recover from Hazel the entire amount paid. It is equally true that since Hazel paid the debt, in this effort by him to recover from Rogers, the latter has the right to show if he can that he was only the accommodation party for and, therefore, the surety of Hazel; and this entirely without respect to the relationship which Hazel and Dougherty may have borne to each other. The case of Sanders & Walker v. Herndon, etc., 122 Ky., 760, cited by the appellee, is an authority for this position; for it holds that the parties to the note may contract among themselves as to their several proportions of liability and that such a contract will be respected and enforced

by the courts. In Chapeze v. Young, 87 Ky., 476, it was held that where several parties sign a note, they are all liable to the obligee, but that as between each other their respective rights and liabilities might be shown by independent parol contract. In 7 Cyc., 725, it is said that "as between himself and the party accommodated the accommodation party is in effect a surety, and his right to recourse against the party accommodated is that of a surety against the principal debtor;" and it follows that as a matter of right the party who claims to be one act-ing for the accommodation of another has the right to establish if he can that he is so acting. It is true that the trial court permitted Mr. Rogers himself to go some-what fully into the details of the transaction; but the de-tails as given by Rogers were denied by Hazel. It was, therefore, of large consequence to Rogers that he should have the testimony of Dougherty to support him; and the avowels put in the record as to what Dougherty would testify indicate that his testimony would have supported the testimony of Rogers.

The instructions given by the court are objectionable. The first instruction told the jury that if they believed "that when the note of $575.00 * * * was executed" there was an agreement that Rogers was signing as surety for Hazel, they would find for Rogers. The in-struction was too narrow. If the agreement had entered into the making of the series of notes, it was not neces-sary that there should have been an express renewal of the agreement at the time of the execution of the last re-newal note. Rogers, therefore, was prejudiced by this instruction. It is true that the second instruction en-deavored to extend this agreement to cover all the notes; but it was erroneous in that it compelled the jury before finding for the defendant to believe that Hazel was the principal in the notes. As is above pointed out, Dough-erty may have been the principal as between him and Hazel and yet Rogers may have been a surety as to Hazel. Upon the return of the case the trial court will give these instructions and none other:

1. You will find for the plaintiff, Hazel, against the defendant, Rogers, the sum of $300.30 with interest from November 4, 1908, unless you shall believe as set out in the second or in the third instructions.

2. If you believe from the evidence that Rogers signed the notes mentioned in the evidence herein, at the

request of Hazel and upon the understanding between them, if any there was, that he signed as the surety of Hazel, you will find for the defendant, Rogers.

.3. If you believe from the evidence that in signing the notes mentioned in the testimony Rogers signed same for the accommodation of Hazel and that the proceeds of same were used for the benefit of Hazel, you will find for the defendant.

For the reasons given the judgment is reversed for proceedings consistent herewith.