## Ramsey v. Hughes, et al.

(Decided February 2, 1926.)

## Appeal from Pike Circuit Court.

1. Pleading—Special Demurrer as for Misjoinder of Causes of Action Held Properly Overruled—"Defect of Parties."—Special demurrer will lie for misjoinder of causes of action, under Civil Code of Practice, section 92, subdivision 4; a "defect of parties," within such subdivision, consisting of a failure to make a party to the action some one shown by the pleadings to be a necessary party.

2. Pleading—Misjoinder of Causes of Action Cannot be Raised by Special Demurrer, but Requires Motion.—Question of misjoinder of causes of action, under Civil Code of Practice, section 83, could not be raised by special demurrer, in view of section 85 requiring such question be raised by motion.

3. Pleading—Plaintiff Failing to Raise, by Motion, Question of Misjoinder of Causes of Action, Waived Such Objection.—Plaintiff failing to raise, by motion, as required by Civil Code of Parctice, section 85, the question of misjoinder of causes of action, within section 83, waived the objection, in view of section 86.

4. Quieting Title—Parties Seeking to have Title Quieted have Burden of Establishing Ownership and Possession, Either by Record Title or by Adverse Possession.—Parties seeking to have their title quieted have burden of establishing ownership and possession, either by record title or by adverse possession.

5. Adverse Possession—Exception Stated to Rule that Law by Construction Carries Possession to Full Extent of Boundaries.—The rule that, where one claims, under color of title, possession of a part of the land extends to the full extent of his defined boundaries, does not apply as against actual adverse possession, or as against superior title, unless the entry and possession be on the interference.

6. Injunction—Plaintiffs could Enjoin Defendant from Procuring Patent to Land Only by Establishing Their Acquisition of Title to Such Land.—Plaintiffs could enjoin defendant from procuring patent to land only by establishing their acquisition of title to such land, and not by showing that the land was appropriated and owned by some one else.

STRATTON & STEPHENSON for appellant.

A. J. KIRK, HARMAN, FRANCIS & HOBSON and O'REAR, FOWLER & WALLACE for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellant, B. L. Ramsey, procured land warrants, made an entry and had surveyed for himself for the pur-

pose of appropriating and patenting certain alleged vacant and unappropriated lands on the headwaters of Shelby creek in Pike county, Kentucky. The survey as made covered 586 acres of land, but recited that 526 acres of it had previously been patented, which was excluded, leaving for patent 60 acres of vacant and unappropriated land. Before appellant could have the survey certified to the land office and procure a patent thereunder, this equitable action was instituted by appellees, James Hughes and others, to enjoin him from doing so. The appellees are the owners of the lands, both surface and minerals, previously patented, lying within the boundary of appellant's survey. They claim that their lands cover all of the land sought to be patented by appellant and that his entry, survey and efforts to procure a patent cloud their titles; and the respective owners of the respective tracts of land, surface and minerals, described in the petition, sought to quiet their titles. A special and general demurrer interposed by appellant were overruled, and by pleadings subsequently filed the issues were properly joined as to the questions hereinafter discussed and determined. By judgment herein the chancellor granted appellees the relief sought in their petition, declared them to be the owners of all the lands sought to be patented by appellant, and enjoined him from procuring patent for same. He prosecutes the appeal.

As the case is presented to this court by the appeal, there is in controversy between the parties only 23 acres of land. The appellees claim and the chancellor held that they own it. Appellant claims that they do not own it; that it is and was vacant and unappropriated land and that under his entry and survey he is entitled to a patent to himself for same.

He vigorously insists that the trial court erred in overruling his special demurrer to the petition, upon the theory that there was a misjoinder of causes of action herein which may be reached by special demurrer under the provision of subsection 4 of section 92 of the Civil Code of Practice. Appellant, however, is in error as to this. The subsection of the Code referred to relates to defect of parties plaintiff or defendant which may be reached by special demurrer. The defect of parties plaintiff or defendant mentioned consists of a failure to make a party to the action, either plaintiff or defend-

ant, some one shown by the pleadings to be sufficiently interested in the subject matter to be a necessary party. The petition herein did not disclose a defect of parties. Appellant sought by special demurrer to raise the question of misjoinder of actions under section 83 of the Code, which by section 85 is required to be raised by motion. Section 86 provides that objection to the misjoinder of causes of action is waived unless made by motion pursuant to section 85. The trial court properly overruled appellant's special demurrer, and his objection to the misjoinder of actions was waived by his failing to proceed as is required by section 85.

As to the 23 acres of land in controversy herein, the appellees being the plaintiffs and seeking to have their title quieted, the burden is upon them to establish ownership and possession either by record title or by adverse possession. For record title as to the 23 acres they claim under the Henry and John Marrs 150 acre survey dated June 16, 1871. As the location of that survey is made for appellees, as shown by the evidence of their witnesses, especially that of the surveyors who testified for them, and as is shown by maps prepared and filed as evidence for them herein, it does not cover the 23 acres of land in controversy.

It is insisted, however, that appellees claiming under the Marrs 150 acre patent had been in the adverse possession of that 23 acre tract of land for more than 15 years and had acquired title to it by adverse possession before appellant sought to obtain patent for it as vacant and unappropriated land. To sustain that contention the following facts are made to appear for appellees: After obtaining patent to the 150 acre tract of land, John Marrs conveyed his undivided one-half interest therein to W. B. Mitchell. Henry Marrs died the owner of the other one-half interest therein. Subsequently an action was brought to divide among them the lands owned jointly by his heirs and Mitchell, which was prosecuted to a successful termination; and the master commissioner of the Pike circuit court conveyed to Mitchell the Henry and John Marrs 150 acre patent and a portion of a 200 acre tract owned jointly by them as his part of the jointly owned lands. Pending the suit for a division a survey of the lands was made and the tract of land described in the commissioner's deed to Mitchell was described particularly by metes and bounds as fixed by that survey.

The evidence herein beyond question establishes that the boundary of the commissioner's deed made to Mitchell includes the 23 acres of land in controversy herein. Appellees are claiming under that deed and own the title of record back to the John and Henry Marrs 150 acre grant through that deed. They insist that since that deed was delivered to their predecessor in title, William B. Mitchell, he and those claiming through him, including themselves, have been in possession of the land, claiming it to the extent of its deeded boundary, which they insist is a well defined boundary; therefore, they contend that they and those under whom they claim have been in the actual, adverse possession of the entire tract of land conveyed by the commissioner to William B. Mitchell December 30, 1887, continuously since that date. It is true beyond all question that the boundary given in the deed from the commissioner to William B. Mitchell is a well defined boundary within the meaning of the rule prevailing in this court as to one in possession under color of title claiming to a well defined boundary, because the courses with reference to the cardinal points of the compass and the distances of the various lines of the survey as well as the monuments marking the corners are given with exactness in the description contained in it. The serious difficulty that we encounter in upholding the judgment of the chancellor and sustaining the contention of appellees herein lies in finding in the record evidence to support their contention that Mitchell took such possession of the tract of land described in his deed as would enable him to claim beyond the boundary of Henry and John Marrs' patent to the extent of the boundary of the deed that included the 23 acres in controversy herein so as to acquire title to it.

The rule is that where one claims under color of title and is in actual possession of a part of the land within his well defined boundary, the law, by construction, carries his possession to the full extent of his boundary, except that as against actual adverse possession this rule will not prevail, and except that as against superior title this rule will not prevail unless the entry and possession be upon the interference. Elliot v. Hensley, 188 Ky. 444, 222 S. W. 507; Slaven v. Dority, 142 Ky. 640, 134 S. W. 1166; Richie v. Owsley, 137 Ky. 63, 121 S. W. 1015; White v. McNabb, 140 Ky. 828, 131 S. W. 1021; Harrison v. McDaniel, 2 Dana 348; McLawrin v. Salmons, 9 B. Monroe 98; Whitley County Land Co. v. Powers' Heirs, 146 Ky.

801, 144 S. W. 2; Burt & Brabb Lumber Co. v. Sackett, 147 Ky. 232, 144 S. W. 34; Brewer v. War Fork Land Co., 172 Ky. 598, 189 S. W. 717; War Fork Land Co. v. Marcum, 180 Ky. 353, 202 S. W. 668; Bowling v. Breathitt, Coal, Iron & Lumber Co., 134 Ky. 249, 120 S. W. 317.

The rule in its fullness operates in the case now before us because the record establishes neither adverse possession nor superior title as to the 23 acres of land in controversy, which lie outside of the John and Henry Marrs 150 acre survey, but within the boundary of the deed from the commissioner to Mitchell. So that the sole question is, did those claiming under the Mitchell deed take actual possession of any of the land within its boundary?

It is not made to appear from the record herein that anyone has ever had a residence upon the tract of land conveyed to William B. Mitchell by the commissioner. The first inclosure upon it appears to have been made in the year 1907. It included only a small tract at the opposite end of the boundary from the 23 acres in controversy. If that inclosure should be conceded to have constituted a taking of possession of any part so as to extend the possession to the entire boundary defined in the commissioner's deed to Mitchell, the possession had not continued for a sufficient length of time by some two years to ripen into title before this action was instituted. The acts of ownership and possession appearing in the record prior to the clearing and inclosure of the small portion of it in 1907 are that those claiming under that deed occasionally would enter upon the land within its boundary and cut timber. That was done so infrequently as to fall far short of constituting the actual possession required under the rule above. In view of these facts the court has concluded that appellees failed herein to manifest their right to hold by possessory title the 23 acres of land shown to lie outside of the boundary of the patent under which they claim.

Appellees pleaded and contend that the proof offered by them establishes that all of the 23 acres in controversy as well as all of the lands owned by them was covered by a Virginia grant of 20,000 acres older and superior even to that under which they claim, and that therefore they have established that appellant is not entitled to a patent covering the 23 acres of land and should be enjoined from so doing. In response to that it is sufficient to say that appellees' right to the relief they sought herein depends

upon their establishing the claim made in their pleadings that they own all of the land sought to be patented by appellant. They can enjoin appellant from procuring the patent, not by establishing that the land had been appropriated and was owned by someone, else and hence was not vacant and unappropriated land subject to patent by appellant, but only by establishing that they had acquired its title and that appellant's efforts to acquire title to it by grant from the Commonwealth violated their prior title to it, and hence were entitled to the relief they sought.

For the reasons indicated the judgment herein is reversed and this cause remanded, with direction that, so far as the 23 acres shown inclosed within purple lines on the map, Dunlap exhibit No. 9, filed as evidence for appellees herein, the petition of appellees be dismissed and the injunction granted therein be dissolved and for other proceedings consistent with this opinion.