## Moren v. Houston.

(Decided January 31, 1928.)

## Appeal from Laurel Circuit Court.

1. Champerty and Maintenance.—Where defendant was in actual possession of disputed land at time deed to plaintiff was made, although land was not under fence, but was claimed to well defined, marked boundary, deed to plaintiff, in so far as it undertook to convey portion of land in adverse possession of defendant. was void, under Kentucky Statutes, section 210.

2. Quieing Title.—In action in form to quiet title, under Kentucky Statutes, section 11, under which it was necessary for plaintiff to allege, and, when denied, to prove, both title and possession, when defendant, having possession, in his counterclaim sought affirmative relief, court could determine which of parties had better title without reference to fact of possession.

3. Quieting Title.—Where defendant, in counterclaim in action in form to quiet title, under Kentucky Statutes, section 11, sought affirmative relief, so that court could determine which of parties had better title without reference to fact of possession, it was still incumbent on plaintiff to prove title, without which he had no right to challenge acts of defendant in cutting timber on disputed land.

4. Adverse Possession.—Defendant, in action to quiet title, in actual possession of well-defined boundary, claiming under color of title, had possession to full extent of such boundary, where plaintiff did not have superior title or any actual possession.

5. Appeal and Error.—Decision of a chancellor on conflicting evidence will not be disturbed, if mind, on consideration of evidence, is left in doubt as to correctness of his finding.

REAMS & JOHNSON for appellant.

FINLEY HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This record presents a controversy between adjoining landowners, involving the title to 12 acres of land, in Laurel county. The appellant, J. W. Moren, instituted the action in the Laurel circuit court against appellee, H. O. Houston, for the purpose of obtaining an injunction to prevent him from cutting timber on the land in dispute. The petition described the boundary claimed, and alleged that the defendant wrongfully asserted rights in the land, and committed trespasses thereon, thereby casting a cloud on his title, and inflicting upon him great and

irreparable injury. An answer and counterclaim were filed, in which the allegations of the petition were denied, and a counterclaim set up to a boundary described, containing 12 acres. A reply was filed to the counterclaim traversing its averments. In amended pleadings, plaintiff broadened his claim to embrace ownership and possession of the land, and prayed that his title be quieted against the claims of defendant. On the issues thus made proof was taken, and from an adverse judgment in the circuit court the plaintiff prosecutes this appeal.

It appears from the evidence that W. F. Jones and wife, of Stanton, Ky., conveyed to J. W. Moren, on April 24, 1922, a tract of land in Laurel county containing 50 acres. The deed recites that the same land was patented by David and J. M. Jones, and conveyed to W. F. Jones by heirship from David Jones' grandfather. A patent to David Jones, dated September 17, 1847, was offered in evidence, but there is no testimony or other evidence in the record connecting the title of the appellant with the David Jones patent.

It appears from the evidence that the defendant, and those under whom he claims, had been in the actual adverse possession of the land of which the 12 acres in controversy is a part, for more than 15 years next before the institution of this action. The land was not under fence, but it was claimed to a well-defined, marked boundary, and timber had been cut from it by the appellant and his predecessors in title. It does not appear to be capable of cultivation. It further appears that appellee was in adverse possession of the land in controversy when the deed to appellant was made, and consequently the deed was void to the extent it covered land in such actual possession. In Brown v. White, 153 Ky. 452, 156 S. W. 96, this court said:

"In order to maintain a plea of champerty, possession by actual inclosure is not required. All that is necessary is actual adverse possession, manifested by some act or fact sufficient to indicate to others that the person claiming to have been possessed had, in fact, the possession." Moss v. Scott, 2 Dana, 271; Hellard v. Hubbard, 160 Ky. 307, 169 S. W. 727, Ann. Cas. 1916A, 605.

As Houston was in the actual adverse possession of this land at the time the deed to Moren was made, so far as said deed undertook to convey the portion of the land in such adverse possession, it was void by the express terms of section 210, Kentucky Statutes.

The appellant argues here that Houston failed to show title from the commonwealth, or any title by adverse possession, but he does have deeds covering the land under which possession was held for more than 15 years, which ripened into a perfect title. The appellant, although plaintiff in the lower court, was entitled to recover, if he showed a better title than the defendant. In its final form this was an action under section 11 of the Kentucky Statutes to quiet title, under which it was necessary for the plaintiff to allege, and, when denied, to prove, both title and possession, yet, when the defendant in his counterclaim sought affirmative relief, the court could determine which of the parties had the better title, without reference to the fact of possession. Southern Oil Co. v. Holman, 196 Ky. 250, 244 S. W. 762.

Such a counterclaim waives proof of possession, but it was still incumbent on the plaintiff to prove his title, without which he had no right to challenge the acts of defendant in cutting timber on the disputed land.

We do not overlook the exceptions to the rule that one in actual possession of a well-defined boundary, claiming under color of title, has possession to the full extent of such boundary, which exceptions are that such constructive possession does not avail against actual adverse possession in another, or as against a superior title deduced from the commonwealth. Ramsey v. Hughes, 212 Ky. 715, 280 S. W. 99. But here the plaintiff does not show superior title or any actual possession, whilst the defendant exhibits both color of title, and actual, adverse, undisturbed possession for more than 15 years before plaintiff obtained his deed.

Appellant also argues that an exclusion in the deed from Sams to Houston refers to the land in dispute, but the testimony fails to sustain that contention.

The chancellor decided in favor of the defendant, and, in the absence of a showing of error, this court will not overturn his decision. Indeed, it is a rule of appellate practice that the decision of a chancellor on conflicting evidence will not be disturbed, if the mind, on consideration of the evidence, is left in doubt as to the correct-

ness of his finding. Byassee v. Evans, 143 Ky. 415, 136 S. W. 857; Matney v. Edmonds, 179 Ky. 243, 200 S. W. 365; McGoodwin v. Shelby, 182 Ky. 377, 206 S. W. 625; Clark v. Isaacs, 182 Ky. 391, 206 S. W. 606; Smith v. Rader, 157 Ky. 178, 162 S. W. 799.

Judgment affirmed.