## Walker v. Walker.

(Decided February 5, 1929.)

358

E. S. WIGGINS for appellant.

J. P. CHENAULT and JOHN NOLAND for appellee.

Opinion of the Court by Judge Willis—Reversing.

At a judicial sale of a tract of land located in Madison county, Joel M. Walker was the highest bidder and became the purchaser at a price of $32,407.60. He thereupon executed two bonds for $16,203.80 each, which his father, John M. Walker, and his aunt, Belle Walker, signed as sureties, with a lien reserved on the land until all the purchase price was paid. The sale was reported to the court accompanied by the sale bonds.

The sale was made on the 29th of April, 1926, and the sale bonds bore that date. On May 5, 1926, Belle Walker caused a notice to be served on Joel M. Walker and John M. Walker to the effect that on May 6, 1926, she proposed to file a motion to have her name stricken from the sale bonds. The motion was filed, and reasons for it were set forth in an affidavit. It was stated in the affidavit that it was represented to her by her attorney that she was signing only a straw bond which did not amount to anything, and that she would be relieved from it on the following Monday, May 3, 1926, when John Dozier was going to sign the bond of Joel M. Walker to secure payment of the purchase money. It was further stated that when she signed the bonds she did not know she was signing Joel M. Walker's bonds as surety, and that she had advised the master commissioner that she had signed the bonds by mistake. In an amended affidavit it was stated that affiant was "informed and believed that John M. Walker was the real purchaser of the property" and should be held liable as principal on the sale bonds. She filed the affidavit of another in support of the motion, and John M. Walker filed written objections in which he swore that

he and Belle Walker signed the bonds as surety for Joel M. Walker, and that another sister, Jane Held, also had agreed to sign them. He further swore that he would not have signed the bonds but for the agreement of Belle Walker and Jane Held to sign with him, and denied that he was the purchaser of the property. The court overruled the motion of Belle Walker, and entered an order confirming the report of sale. The order stated that Joel M. Walker was the purchaser of the land at the price of $32,407.60. The sale was made in an action for the settlement of an estate in which John M. Walker was an heir and entitled to one-sixth of the proceeds distributed. Upon the motion of Joel M. Walker an order was made crediting the first sale bond with $10,000 out of John M. Walker's distributive share, and holding the balance of his interest in the fund arising from sales until further order of the court. On February 8, 1927, Joel M. Walker filed an affidavit stating that he was unable to pay the sale bond executed by him, and requested a resale of the land to be conducted by the master commissioner. Joel M. Walker and both the sureties signed an agreed judgment directing the commissioner to sell the land again, which was entered by the court, and which contained the following provision:

"The parties to the sale bonds, to wit: Joel M. Walker, John M. Walker and Belle Walker, agree to the entry of said order and request the Court to allow the Commissioner to resell said farm instead of having execution issue thereon, and hereby agree to pay the costs of the resale together with any loss sustained between the purchase price obtained for the property on this resale and that price obtained for the property on the first sale, to wit $32,407.60, and all of the parties hereto agree that Joel M. Walker is insolvent and has no property subject to execution."

At the second sale pursuant to the agreed judgment, the land was purchased by Malinda Taylor for $21,303.87, for which amount she gave bond with approved sureties. It thus appears that a loss of $11,103.73, with the accrued interest and costs, was incurred by Joel M. Walker, who is hopelessly insolvent. Because of that fact, the loss must be borne by his sureties. John M. Walker paid $10,000 of the loss and sought contribution from his co-surety, Belle Walker, who desired to be relieved, on the

ground that John M. Walker was a joint purchaser of the land. The circuit court decided in favor of Belle Walker, and John M. Walker has appealed.

It is first argued that parol evidence may not be heard to contradict or vary the terms of the sale bonds, which recited that Joel M. Walker was the purchaser and John M. Walker and Belle Walker were his sureties.

The principle of law, in respect to the exclusion of parol testimony to vary or contradict a written contract, is perfectly settled; but it is not applicable to cases of the kind now presented. The attempt to invoke that rule arises from a mistaken view of the relations and rights of the respective parties. The law regarding sureties, and their reciprocal obligations to contribute proportionately, does not spring from contract between them, but is founded on principles of equity; and the obligation is enforced as a legal liability growing out of the mutual relation. As between these parties, therefore, it may be shown by parol that Belle Walker signed the bonds as a surety for John M. Walker, or that he agreed to protect and indemnify her. The true relationship among the obligors may be shown to be different from that indicated by the writing if it does not affect the obligee, but only the relative rights of the obligors. 22 C. J. 1244, sec. 1659; 21 R. C. L. 1136, sec. 171; McGee v. Prouty, 9 Mctc. (Mass.) 547, 43 Am. Dec. 409; Ferguson v. Rafferty, 128 Pa. 337, 18 A. 484, 6 R. L. A. 33; Geary v. Taylor, 166 Ky. 501, 179 S. W. 426; Chapeze v. Young, 87 Ky. 476, 9 S. W. 399; Rogers v. Hazel, 147 Ky. 333, 144 S. W. 49; Winston & Co. v. Clark County Const. Co., 186 Ky. 748, 217 S. W. 1027; Morehead v. Citizens' Dep. Bank, 130 Ky. 418, 113 S. W. 501, 23 L. R. A. (N. S.) 141. Cf. Federal Chemical Co. v. Pioneer C. & Coke Co., 197 Ky. 113, 246 S. W. 127.

But the sale bonds constitute cogent evidence of the facts recited therein, and in order to overcome them the oral evidence must be clear and convincing. There is no direct proof that John M. Walker was the purchaser. He bid on the property at the sale, but ceased bidding long before the sale was concluded. The auctioneer announced that the sale was to him, but he immediately challenged the accuracy of the statement, and the auctioneer corrected his error and accepted the bid of Joel M. Walker. The master commissioner started to prepare the sale bonds with John M. Walker named as principal but corrected the document before the bonds were signed. There is testimony that John M. Walker requested his sisters

to sign *his* bond (21 R. C. L. p. 1148, sec. 186), but this is contradicted by an equal number of witnesses. Belle Walker says John M. Walker asked her to sign his bond, but she actually signed the bond, which plainly stated that she was surety for Joel M. Walker. Her niece and sister endeavored to persuade her not to sign the bonds, but she did so in the face of that advice. The circuit judge delivered an oral opinion, in which he recited the evidence very accurately and concluded that it was absolutely impossible to find the truth from the testimony. He based his conclusion that Belle Walker should be relieved from contribution on reasoning from his own knowledge of the situation and of the parties, saying: "So with the character of testimony they have here and the knowledge the Court had of these people, the Court is bound to reach his conclusion from the circumstances and the surroundings and reasonable probabilities, rather than base it on any testimony because there is very little of that here that the Court has any confidence in at all."

He thought it reasonable for Belle Walker to sign a bond for John M. Walker, who was able to pay it, but unreasonable for her to sign for Joel M. Walker, who had nothing. We repose great confidence in the finding of the chancellor on conflicting evidence, and, where the mind is left in doubt, his finding will not be revised. Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667.

But this case does not depend upon conjecture or the resolving of probabilities arising from doubtful and elusive testimony. The burden is on appellee to overcome the plain purport of her act in signing the bonds. They fix her liability by evidence that is indubitable. When it is sought to be relieved from such an obligation, a clear and positive ground upon which to rest that relief must appear. We are unable to find, as was the learned circuit judge, any substantial evidence that John M. Walker was the actual purchaser of the property. A number of facts establish quite the opposite conclusion. The circumstance of his willingness to help his son is fully explained, and the same facts equally explain why Belle Walker was willing to sign the bonds for her nephew. It is just as reasonable to suppose that John M. Walker was displaying interest in order to help his son, as to assume without proof of the fact, that he was personally interested in the purchase.

The evidence was wholly insufficient, as the chancellor stated, to justify a judgment relieving the cosurety

from the duty to contribute which arose from her written obligation. A finding which fails to accord with a preponderance of the evidence cannot be approved, as this court must render judgment for the party entitled thereto on the facts manifested by the record. Lewis v. Shell, 205 Ky. 624, 266 S. W. 254; Downing v. Whitlow, 211 Ky. 294, 277 S. W. 262.

It follows that the lower court erred in denying the appellant contribution from the appellee for her half of the loss paid by him.

Judgment reversed for proceedings not inconsistent with this opinion.