## Southern Oil Company v. Holman, et al.

(Decided October 27, 1922.)

### Appeal Barren Circuit Court.

1. Quieting Title—Possession—Evidence.—In an action under section 11, Kentucky Statutes, to quiet title, plaintiff must allege, and, if denied, prove both title and possession, unless the defendant elects to try title by pleading his own and asking by way of counterclaim that it be quieted in which case the question is waived but plaintiff must still prove his title.

2. Quieting Title—Possession—Pleading.—By simply denying plaintiff's title and possession and pleading his title defensively without prayer for affirmative relief, the defendant does not elect to try title or relieve the plaintiff of proving both title and possession.

3. Quieting Title—Unauthorized Judgment.—Where there was no evidence connecting one of two plaintiffs in any way with the land which they alleged they owned, and it is impossible to ascertain whether or not the plaintiff owns any interest therein, a judgment in their favor was not authorized and must be reversed.

PAUL GREER for appellant.

BASIL RICHARDSON for appellees.

Opinion of the Court by Judge Clarke—Reversing.

Alleging that they were the owners and in possession of 692 acres of land described by abuttals, and that the appellant oil company was claiming title to the oil and minerals therein under a lease executed by T. F. Harston to J. N. Thompson in 1915, which clouded their title, the appellees P. W. Holman and E. H. Guthrie instituted this action against the oil company to have the lease in question cancelled and the cloud removed from their title.

Defendant denied both the title and possession of the plaintiffs, and in the second paragraph of its answer pleaded ownership of the oil and minerals in the land under the lease from Harston to Thompson and an assignment thereof to it by Thompson. The answer, however, is not styled a counterclaim, and no affirmative relief is sought.

Under section 11 of Kentucky Statutes, which authorizes an action such as this to quiet title, the plaintiff must allege, and, if denied, prove both title and possession, unless the defendant elects to try title by pleading his own and asking by way of counterclaim that it be quieted. Fox v. Cornett, 124 Ky. 139; Johnson v. Farris, 140 Ky. 435; Hall v. Hall, 149 Ky. 817, 149 S. W. 1128; Cumberland Co. v. Kelly, 156 Ky. 397, 160 S. W. 1077; Sackett v. Jeffries, 182 Ky. 696, 207 S. W. 454; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Frasure v. Northern Coal & Coke Co., 189 Ky. 574, 225 S. W. 479.

As defendant simply asserted and claimed superior title to the oil and minerals under the land defensively and not as a basis for affirmative relief, it was incumbent upon the plaintiffs to prove, as they had alleged, that they were the owners and in the possession of the land in question. In fact, even if the defendant had elected to try title, it would have waived only the question of possession under the above authorities, and plaintiffs would have had to prove their own title without which they could have had no possible right to question the validity of defendant's lease. In other words and as often stated, they must recover, if at all, upon the strength of their own title.

In taking the proof they assumed this burden, and their counsel now urges that they sufficiently proved their title to warrant an affirmance of the judgment, which not only cancelled defendant's lease as to the 692

acres which plaintiffs claimed to own, but cancelled the lease in its entirety although it covered 1,027 acres, or 335 acres which plaintiffs did not even claim.

Manifestly the court erred in any event in cancelling the lease except in so far as the 692 acres claimed by plaintiffs is concerned.

There is no evidence whatever connecting the plaintiff, Guthrie, in any way with the land in question, nor is it possible for us to determine what, if any, interest Holman had therein, and we can not therefore affirm the judgment or with propriety pass upon the question as to whether or not defendant had abandoned its lease.

The only evidence in the record upon the crucial question of plaintiff's title is that of T. F. Harston, who in 1915 owned the land and leased it to Thompson. He testified as follows:

"Q. To whom did you deed the land, when you deeded it?. A. L. M. Fairbanks. Q. Will you file a copy of your deed to him? A. Yes, sir. Q. To whom if anyone did he deed the land? A. To his son, Loriston M. Fairbanks. Q. To whom did Loriston M. Fairbanks deed the land, if anyone? A. Mr. C. R. Maddox. Q. To whom did C. R. Maddox deed the land, if anyone? A. P. W. Holman. Q. To whom, if anyone, did P. W. Holman deed the land? A. Brent Smith and Herbert Bowles. Q. Will you file a copy of the deeds you mention above as part of your deposition? A. Yes, sir. Q. When it was sold to Bowles and Smith; tell whether or not the oil and mineral rights were reserved in that deed to them? A. Yes, sir, they were. Q. Was there a writing between you and Maddox while he held the deed, and between you and Holman while he had the deed, that your interests in that land was held by them in trust, as shown by these writings? A. There were . . . Q. Who is now the owner of the mineral rights in this land? A. Myself, P. W. Holman, Lance Trigg."

The deeds referred to were not filed and made a part of his deposition as the witness agreed to do, but as the defendant did not object or except to any of this evidence, or to a submission of the case for final judgment without the deeds having been filed, he waived his right to complain of the manner in which it is shown that Harston, under whom both parties claim title, sold the land to Fairbanks; that he sold it to Maddox; that he sold it to plaintiff Holman, and that the latter sold it to Brent Smith and Herbert Bowles; that the oil and min-

eral rights were reserved in that deed, and that whatever interest, if any, the witness Harston had in the land was held by Maddox and Holman in trust under separate instruments for him while they had title to the land.

Under this evidence it is utterly impossible to do more than guess for whom the oil and mineral rights were reserved in the deed from Holman to Smith and Bowles, who apparently now own the surface. Indeed under the first part of this evidence it is as reasonable to assume they were reserved for defendant who had apparent title thereto under its recorded lease, as for any one else. Or possibly they were reserved for Holman, the grantor, but if so, it seems he was holding same in trust for Harston. But all of this is contradicted by the later statement of this same witness when he is permitted to say without objection that he, Holman, and Trigg own the minerals.

It therefore appears from plaintiff's own evidence, which is all of the proof upon the question, that one of them, Guthrie, owns no interest whatever in the land, and that the other, Holman, possibly does, but may not, have some interest therein.

Under such proof we think it is clear that the plaintiffs utterly failed to prove their alleged, or any title, to the lands, either severally or jointly; and that as a consequence the judgment in their favor must be reversed, which accordingly is done with directions to dismiss the petition.