## Brown et al. v. Martin et al.

(Decided May 19, 1931.)

J. WOODFORD HOWARD and W. P. MAYO for appellants.

A. J. MAY and EDWARD L. ALLEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appeal is from a judgment quieting title in the appellees to two town lots on which are located a barn and small garage. The facts are these:

A. L. Hall traded and agreed to convey his property in the village of McDowell, Floyd county, to Fred Damron for some property in Ohio. Hall owned four lots in block 3 on which there were a storehouse and residence. His wife, Toria Hall, held title to two lots in block 6, on the opposite side of the street, which are the two involved. In the trade Damron, at least, understood that he was to get both parcels. In October, 1926, Hall and his wife made a deed for the residence and store property to Damron, who shortly thereafter conveyed it to the appellant Brown. It appears that Mrs. Hall's deed had not been recorded, and that a notary public, who had gone to take her acknowledgment, suggested that he could not or ought not to make the deed from her to Damron until her deed had been recorded. It was given to him that he might have it placed on record. Instead, he gave it to Damron, and it seems that Damron delivered it to Brown. The circumstances make it appear that in this transaction an unfair advantage was deliberately taken of Mrs. Hall, a woman of limited intellectuality. Later, claiming she had verbally agreed to convey the property, Brown presented a draft of a deed to Mrs. Hall covering her two lots, but she refused to execute it. A few days thereafter, on January 24, 1927, she conveyed them to the appellee Martin, and he sued Brown to quiet his title.

Mrs. Hall testified that she never authorized her husband to act for her and never consented to any trade of her lots to Damron. She says that she let Brown put some stock in the barn merely as a favor until he could find another place and with the understanding that he would vacate whenever she asked him, as she was wanting to sell the property. On the contrary, Brown proved that Mrs. Hall stood by and let her husband proceed with the trade with Damron, but obstinately refused to sign the deed to her two lots, saying at the time that she intended to get her home back. Her husband delivered the keys to the barn to him and gave Brown full and complete possession on January 4, 1927. He says that he let the Halls keep their cow in it as a favor. He further testified that when Martin proposed to buy the two lots

from Mrs. Hall he fully advised Martin of his claims and of his possession. Martin denied this and says that it was reported that Brown was claiming the lots, but that the county clerk in his presence examined the records, and when he learned that there was no record of any conveyance of the two lots to Brown he proceeded to accept conveyance of them in satisfaction of his store account of some $400 which the Halls owed him.

Under section 11 of the Statutes, one seeking to have title to land quieted in himself in order to prevail must allege and prove both title and possession, unless the defendant elects to try title by pleading his own and asking by way of counterclaim that it be quieted. Taylor v. Wilson, 182 Ky. 592, 206 S. W. 865; Sackett v. Jeffries, 182 Ky. 696, 207 S. W. 454; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Southern Oil Co. v. Holman, 196 Ky. 250, 244 S. W. 762; Fresure v. Northern Coal & Coke Co., 189 Ky. 574, 225 S. W. 479; Bennett v. Parsons, 226 Ky. 782, 11 S. W. (2d) 935.

The court construed the appellant's answer as asserting a hostile and superior title and seeking affirmative relief and decided the case upon that ground granting the relief prayed for in the petition. We do not so construe the answer. But the right result was reached by the court, for the evidence, in our opinion, was sufficient to show that Mrs. Hall and her vendee, Martin, had title to and were in the uninterrupted possession of the property except as her husband may have assumed to act for her in delivering the key to Brown. Title to property ought not to depend upon whether a man, who had been refused a conveyance and who had no sort of title, had a mule and a hog for three weeks in a barn, even though placed in there under the circumstances detailed by appellant. Both parties were using the barn.

The argument that Brown's possession was such as is contemplated by the law to be adverse possession making the transaction champertous is without merit.

The rule that, to maintain an action quia timet, one must show a possessory or a record title back of commonwealth as claimed by appellant, is qualified by the rule that he need only show title back to a common grantor through whom both parties claim. Stoffler v. Edgewater Coal Co., 198 Ky. 523, 249 S. W. 753. Both of these men claimed through Mrs. Hall.

The court having properly decided the case, the judgment is affirmed.