# Ratcliff et al. v. Coleman et al.

(Decided December 18, 1931.)

JOHN H. ADKINS, P. B. STRATTON and E. D. STEPHENSON for appellants.

W. K. STEELE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action quia timet instituted by Mary Caroline Ratcliff and her daughter, Synthia Rose, and two sons, Melvin Rowe and Lilbern Rowe.

Mary Caroline Rowe was the wife of Lilbern Rowe, who was the father of Synthia Rose, Melvin, and Lilbern Rowe. After his death in 1883, Mary Caroline Rowe intermarried with W. H. Ratcliff, who departed this life in 1923. After the death of W. H. Ratcliff, she and her three children instituted this action in the Pike circuit court against Vina Coleman and Theodore Coleman to quiet their title to the tract of land described in the petition and amended petition. They alleged that Vina Coleman and Theodore Coleman were husband and wife, and that Vina Coleman was asserting title to their land.

After the death of W. H. Ratcliff, and before the filing of the present one, an action was filed in the Pike

circuit court by the appellants against Viola Blair and others wherein it was claimed that

> "Lilbern Rowe at the time of his death was the owner of a small tract of land in Pike county upon which the widow and children (the appellant herein) continued to reside after his death; that sometime thereafter the widow married W. H. Ratcliff, and he and plaintiff continued to reside upon it for a number of years when it was exchanged for the land involved in this action, located in the same general neighborhood; that the deed to the latter tract was executed in 1892 to William H. Ratcliff without the knowledge, agreement, or consent of the plaintiffs, and against their will; that parts of the land conveyed by the deed and which was obtained in exchange for the Melvin tract were conveyed to the Rowe children from time to time, leaving only 25 acres occupied by William H. Ratcliff and wife at the time of his death."

It was alleged that the defendants therein as the heirs of William H. Ratcliff were setting up claim to the 25 acres. It was also alleged that William H. Ratcliff held the title in trust for the Rowe children and their mother, who was also the widow of William H. Ratcliff. This action against Blair and others was dismissed on a demurrer in the circuit court. On an appeal to this court, the judgment was reversed, with directions. On a return to the circuit court, a deed was ordered to be, and was, executed and delivered by the master commissioner of the Pike circuit court conveying to them the land involved in that action, a homestead right in Mary Caroline Ratcliff, and in fee to Melvin Rowe and Lilbern Rowe and Synthia Rose.

On the 13th of June, 1929, the present action was filed by the applleants against appellees Vina Coleman and Theodore Coleman; issues were formed, evidence taken, and, on a trial, their petition was dismissed. Substantially the same facts are alleged by the appellants which were alleged in their action against Viola Blair and others, with the additional allegation that the deed from the master commissioner to them had been executed and delivered in pursuance to orders of the court in the action against Viola Blair and others, and that appellee Vina Coleman was setting up title to one tract of the same land. The appellees to prevent a recovery, traversed

the allegations of the petition and amended petition, and set up paper title to the second tract described in the petition, and pleaded both the 15 years' and 30 years' statutes of limitations (Ky. Stats., secs. 2505, 2508). The appellants to avoid the statutes of limitations pleaded the coverture of Mary Caroline Ratcliff.

It is a rule universally recognized that, in an action to recover land, the plaintiff must recover by reason of the strength of his own title, and not by virtue of the weakness of the title of his adversary. He may do this in one of two ways: First, by showing paper title from the commonwealth; second, by showing that he and those under whom he claims have been in the open, uninterrupted, actual, continuous, and adverse peaceable possession of the property in controversy for a period of fifteen years or more. Noe v. Russell et al., 213 Ky. 746, 281 S. W. 1033.

It is claimed by appellants that the husband of Mary Caroline Rowe Ratcliff, who was the father of Synthia Rose, Melvin, and Lilbern Rowe, was the owner of a tract of land at the time of his death, and that it was exchanged for another tract owned by John Green, and that W. H. Ratcliff held the land for which it was exchanged in trust for the Rowe children, and that at the time it was conveyed to Vina Coleman she had notice of the existence of the trust. To sustain this contention, no evidence was offered other than the deed executed by the master commissioner to them in their action against Viola Blair and others, and a title bond from "Harvie" Ratcliff to John Green, bearing date the 11th day of January, 1882, and which appears to have been assigned by Jonh Green "to Mary Caroline Ratcliff and her heirs." The assignment of the title bond is written on the bottom of it. The appellees Vina Coleman and Theodore Coleman were not parties to the action of the appellants against Viola Blair and others, and therefore they are in no way bound by the judgment nor the master commissioner's deed. Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004; Robinson v. Carlton, 123 Ky. 419, 96 S. W. 549, 29 Ky. Law Rep. 876; Blackburn v. Blackburn, 200 Ky. 310, 254 S. W. 915. The appellees asserted title to the land in controversy by deed January 10, 1892, from "Hary" Ratcliff and Jane Ratcliff, to William H. Ratcliff; by another dated April 4, 1895, from Marions Sanders and Nancy Sanders, Harvie Ratcliff, and Pricey J. Ratcliff to

794

William H. Ratcliff; by one from W. H. Ratcliff and Mary C. Ratcliff and Harvie Ratcliff and Pricey J. Ratcliff to Vina Coleman; and a deed from Vina J. Coleman and Joe Coleman to K. F. Childress, date May 27, 1910; and by deed dated February 20, 1929, from K. F. Childress and wife to Vina J. Coleman Runyon, who was formerly Vina J. Coleman.

Mary Caroline Ratcliff on May 5, 1900, joined in the deed with William H. Ratcliff, conveying the land, in so far as she was concerned, to Vina J. Coleman. Her and her husband's deed to Vina J. Coleman purports to have been acknowledged by her and her husband, William H. Ratcliff, before J. H. Ratcliff, deputy clerk, and it is properly certified as recorded in the county court clerk's office on August 27, 1901. She having so joined her husband in this deed to the appellee Vina J. Coleman, it is clear that she has no interest whatever in the land in controversy; her deed precludes her from asserting right thereto as against Vina Coleman. At the time of the taking of the depositions herein, Melvin Rowe was 47, Synthia Rose was 51, Lilbern Rowe, 46 years of age. The appellee's paper title is more than 29 years old. Adding the possession of K. F. Childress, beginning May 27, 1910, the date of this deed, to the possession of Vina Coleman, beginning with the date of her deed from K. F. Childress and wife, February 20, 1929, it is apparent that she and the Childresses have had actual possession and paper title for the past 19 years. Accepting the evidence on the question of possession as it appears in the record, they have had the actual, open, continuous, adverse possession of the land for about 19 years. The youngest of the Rowe children arrived at the age of 21 years more than 20 years next before the filing of this action. Without passing upon the applicability of statutes of limitation, it is sufficient to say that appellants have failed to prove the title of Lilbern Rowe, or that the father of Synthia Rose, Melvin, and Lilbern Rowe owned the land at the date of his death, or that Vina Coleman had any knowledge thereof, or that she had any notice of the existence of the alleged title bond from "Hary" Ratcliff to John Green, or of its assignment by John Green to Mary Caroline Ratcliff and "her heirs," or of the existence of any trust favorable to or for the Rowe children and their mother. The appellant attempted to prove that the husband of Vina Coleman made some statements indicating his knowledge at the time of making the statements of

some sort of claim of title of the Rowe children, and that he concluded the purchase of the land for Vina Coleman. But the evidence fails to show that he possessed any knowledge of the existence of a title bond from "Hary" Ratcliff to John Green, or its assignment to "Mary Caroline Ratcliff and to her heirs" at the time of the execution and delivery of the deeds to Vina Coleman. It is satisfactorily shown that Vina Coleman was a purchaser in good faith for value, and without notice of the alleged title of the children of Lilburn Rowe at the time she received title by deed from Harvie Ratcliff, Pricey Ratcliff, W. H. Ratcliff, and Mary Caroline Ratcliff on the 5th day of May, 1900. There is a total failure of evidence tending to show that Vina Coleman at the date of the acceptance of her deed to the land had any knowledge or information of the alleged trust under which it is alleged that W. H. Ratcliff held title to the land claimed by the appellees. The findings of fact of the trial court not appearing to be against the weight of the evidence, the judgment is affirmed.