## Bentley v. Kentland Coal & Coke Company et al.

(Decided February 23, 1932.)

WILLIS STATON for appellant.

HARMON, FRANCIS & HOBSON, STRATTON & STEPHENSON and W. K. STEELE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellant, V. R. Bentley, sued the appellees, Kentland Coal & Coke Company, Tildon Swinney, and the Barrowman Coal Corporation, alleging his ownership in fee of a certain 64½ acres of land. He asserted his title came through conveyances back to the commonwealth, and charged that the defendants were setting up claims to the land and had wrongfully entered upon it and taken possession; that their claims were casting a cloud upon his title which should be removed, and that their possession and enjoyment thereof were trespasses and a conversion of his property. He prayed that the cloud upon his title be removed, and that the defendants be ejected from the land. A motion to elect whether he would prosecute his suit in equity as one to remove the cloud or as a common-law action in ejectment was not passed upon; nor were the demurrers to the petition disposed of.

It appears that the defendant Swinney claimed title and possession of the surface of the land, the Kentland Coal & Coke Company claimed the coal and mining rights in the property, and that the Barrowman Coal Corporation was its lessee. The allegations of the petition were traversed, and pleas of adverse possession and champerty were made. No affirmative relief was asked by the defendants.

The trial court found that the defendants had title through adverse possession, and that the plaintiff's deed to the land was champertous and void. We do not find it necessary to go into those two questions, for the judgment may be affirmed upon the ground that the plaintiff failed to establish his own title, which is a prerequisite to securing judgment quieting title. Section 11, Kentucky Statutes, and annotations. While title by adverse possession is sufficient to support such a suit (Combs v. Turner, 193 Ky. 636, 237 S. W. 37), there was neither pleading nor proof of any sort of possession by the

plaintiff. Nor did he trace a record title back to the commonwealth or to a common source.

If the petition be construed as sufficient to sustain an action in ejectment, the absence of the same essential conditions defeated his claims thereunder. Collins v. Zella Mining Co., 198 Ky. 770, 250 S. W. 96; Adams v. Adams, 194 Ky. 202, 238 S. W. 386; Payne v. Edwards, 188 Ky. 302, 221 S. W. 1073.

It was proved that the land was conveyed (1) to the plaintiff by Tom Wallace on November 24, 1926. (2) Tom Wallace received a deed to it on November 26, 1887, from James Polly; Jane Swinney; Levi Clevinger and wife, Nancy; J. W. Ford and wife, Elizabeth; and John W. Powell and wife, E. A. Powell. The next deed (3) is to James Polly and Bartley Belcher, dated March 9, 1875, from James D. Belcher and wife, Nancy Belcher, conveying an undivided interest in six tracts of land including that involved. What that interest was is not stated. The next link in the chain (4) is the will of William Ramey which was probated April 19, 1866, and which disposed of a vast quantity of land. A portion of a 3,620-acre tract was devised to a daughter, Nancy Belcher, for "her natural lifetime," with the remainder "to her legal heirs of her body forever." Supporting it is a survey and a patent (5) granted in 1847 to William Ramey of this 3,620-acre tract.

The identical clause in the will of William Ramey, devising to another daughter a certain part of this land, was construed in McSurley v. Venters, 104 S. W. 365, 31 Ky. Law Rep. 963, and another like provision in the same will, construed in Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560, and each one held to pass only a life estate. Therefore, the conveyance of Nancy Belcher and James D. Belcher to James Polly and Bartley Polly was of a life estate in an undisclosed undivided interest. While it is not definitely proven that this life tenant is dead, it is disclosed that she was a married woman at least as early as the date of her father's will, which was in 1864, or more than sixty years before the bringing of this suit, and from other facts disclosed in the record, and the tacit admissions in both briefs, it may be regarded that she died some years ago. It is not proven that the several parties who conveyed the land to Wallace in 1887 are the heirs of Nancy

Belcher and remaindermen under the devise to her by her father, nor that they are heirs or devisees of Bartley Belcher, who, with Polly, was a grantee of the undetermined undivided interest in the land. But Polly was one of the grantees to Wallace—at least it is the same name. We cannot supply these gaps by assumption.

In appellant's brief he refers to a deed from Bartley Belcher et al., to James Polly et al., and to another from James Polly et al. to J. W. Powell, but we have searched the record in vain for those deeds or any reference to them. Of course, the case must be determined by the record.

The plaintiff has, therefore, failed to establish his right to the relief sought. Since the defendants merely denied the title asserted by the plaintiff without seeking any affirmative relief in respect to their title, merely establishing it by proof of adverse possession, the court would not have been authorized to adjudge a superiority of title in the plaintiff under the rule of waiver. Childers v. York, 187 Ky. 332, 218 S. W. 1027; Cooper v. Williamson, 191 Ky. 213, 229 S. W. 707; Southern Oil Co. v. Holman, 196 Ky. 250, 244 S. W. 762; Brown v. Martin, 239 Ky. 146, 39 S. W. (2d) 243.

We have rested the decision upon the one ground of a failure to prove title and possession, although it might just as well have been upon the grounds chosen by the chancellor.

Judgment affirmed.