## Hatton et al. v. Williams' Executor.

(Decided May 21, 1935.)

C. F. SPENCER and W. CLAY ROBINSON for appellants.

JOHN D. ATKINSON and ROBERT H. WINN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

J. H. Williams, executor of John W. Williams, brought this action in equity in the Powell circuit court against Ephraim Hatton, Omar Hatton, Clinton Hatton, and Mack Hatton to enjoin them from trespassing upon a certain 50-acre tract of land. He alleged in his petition that he was the owner of and had the legal title to the land and that the defendants wrongfully and without right had entered upon the land cut down the plaintiff's timber, ploughed up his fields, and unless restrained by the court would continue to trespass thereon. It appears from the petition that a note executed by

Robert W. Creech to John W. Williams was secured by a lien upon the land, and in settlement of the debt Creech and his wife conveyed the land to J. H. Williams, as executor, by a deed dated November 4, 1929.

The defendants filed an answer and counterclaim denying that plaintiff owned or had the legal title to the tract of land described in his petition and affirmatively alleging that they were the owners and in possession of 45 acres of the land and that the plaintiff's claim was casting a cloud upon their title. They asked that their title be quieted.

A reply traversed the affirmative averments of the answer and counterclaim. Considerable proof was heard and the chancellor adjudged that the plaintiff was the owner of the tract of land in dispute and dismissed the defendants' counterclaim.

The action was treated as one to quiet title on the issue raised by the defendants' counterclaim, and the burden, therefore, was on the defendants to establish title in themselves. They failed to sustain this burden. One who seeks by an action in equity to have removed a cloud on his title to real estate must allege and prove that he is the owner and in possession of the land (Kentucky Statutes, sec. 11; Combs v. Jones, 244 Ky. 512, 51 S. W. [2d] 672; Bentley v. Kentland Coal & Coke Company, 242 Ky. 511, 46 S. W. [2d] 1077); and to maintain an action quia timet, one must show a possessory title or a paper title back to the commonwealth or to a common grantor through whom both parties claim (Ratcliff v. Coleman, 241 Ky. 791, 45 S. W. [2d] 493; Combs v. Combs, 238 Ky. 362, 38 S. W. [2d] 243; Stoffer v. Edgewater Coal Company, 198 Ky. 523, 249 S. W. 753).

The appellee shows a paper title beginning with a deed from Ephraim Hatton to Andrew Tharpe dated August 7, 1900. The record fails to disclose how Ephraim Hatton acquired title to the land. The subsequent deeds and their dates are as follows: Andrew Tharpe to A. B. Hall, January 11, 1909; A. B. Hall to Mack Randall, July 7, 1911; Mack Randall to J. E. Creech and Robert W. Creech, January 27, 1920; J. E. Creech to Robert W. Creech, February 25, 1921; and Robert W. Creech to J. H. Williams, executor of J. W. Williams, November 4, 1929. The appellee also proved that he

and his predecessors in title had been in the actual and continuous possession of the land for more than thirty years.

The appellants claim title to the land through their mother, Susanne Hatton, who was a daughter of Elizabeth Randall. It is their theory that Elizabeth Randall owned a tract of 150 acres of land, including the land in dispute, which she divided between her children, W. B. Randall and Susanne Hatton, and that they inherited the 75 acres owned by their mother. They testified that after their mother's death, about 1893, their father, John Henry Hatton, who owned only a courtesy right in the land, sold it to Ephraim Hatton who conveyed it to Andrew Tharpe in 1900. John Henry Hatton died in 1931 and appellants claim that Ephraim Hatton and his successors acquired only their father's life estate in the land. It is not claimed that Elizabeth Randall, executed a deed to her daughter, Susanne Hatton, and the nature of the former's title is not shown. It is conceded that Elizabeth Randall left eight children, including Lorinda Jewell, wife of George Jewell. John W. Hatton, son of Ephraim Hatton, who sold the land to Andrew Tharpe in 1900, testified that his father acquired the land in dispute from George Jewell and that it was never a part of the land claimed by appellants and their mother. They now reside on land claimed by Susanne Hatton at the time of her death which is not a part of the land in dispute.

The evidence by which appellants attempt to show ownership is vague, shadowy, and indefinite, and wholly insufficient to authorize the relief sought in their counterclaim.

The judgment is affirmed.