## Hale et al. v. Horn.

(Decided October 13, 1936.)

CHARLES A. LYCAN, MARTIN & SMITH and W. R. McCOY for appellants.

J. B. CLARK for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, James Horn, brought this action against Landrum Hale, trustee, to quiet his title to the minerals, including coal, oil, and gas, in and under a 50-acre tract of land, located in Martin county, which was described in the petition. The defendant answered, denying that the plaintiff was the owner of, or in the actual possession of, the tract of land described in the petition, and admitting that he, as trustee, was claiming the minerals thereunder, including the coal, oil, and gas. He asked that plaintiff's petition be dismissed, but sought no affirmative relief. The plaintiff filed an amended petition in which he asked that the heirs of R. F. Vinson, deceased, and the Rockcastle Gas Company be made parties defendants. Answering the amended petition, the heirs of R. F. Vinson adopted the answer of their trustee, Landrum Hale, and the Rockcastle Gas Company, in a separate answer, alleged that it owned an oil and gas lease dated September 25, 1926, whereby Landrum Hale, trustee, leased to it the oil and gas in and under the lands described in the petition. It also adopted the answer of Landrum Hale, trustee. Subsequent pleadings completed the issues, and considerable proof was heard. The circuit court adjudged the plaintiff to be the owner of the coal, oil, and gas in and under the land described in the petition, and further adjuged that his title thereto be quieted and that the defendants be enjoined from thereafter setting up further claim to same.

It is conceded that in an action to quiet title the plaintiff must succeed, if at all, on the strength of his own title, and not on the weakness of the defendant's title. This rule is thoroughly established. Alcorn v. Superior Oil Corp., 245 Ky. 343, 53 S. W. (2d) 528. He may prove the requisite title by showing paper title from the commonwealth or by showing that he and those

under whom he claims have been in the adverse possession of the property for a period of fifteen years or more. Ratcliff v. Coleman, 241 Ky. 791, 45 S. W. (2d) 493.

Appellee attempted to trace his title from a patent dated November 28, 1866, covering 10,000 acres of land issued by the commonwealth of Kentucky to John McHenry and S. T. Headley. John McHenry conveyed the 50 acres in controversy to John Pack by deed dated February 15, 1869. John Pack conveyed it to Janie Muncy Waller in 1906, and she conveyed it to appellee in 1922. The difficulty with this chain of title, so far as appellee is concerned, is that in the deed from McHenry to Pack the minerals were expressly reserved. Appellant attempted to avoid this by showing that John Pack acquired title in 1889 under a tax deed. In the deed which John Pack executed to Janie Muncy Waller in 1906, the source of title is recited as follows: "This tract of land was deeded to John Pack by J. E. Cassel, recorded in deed book No. 3, page 497."

The deed from Cassel and wife to John Pack was dated March 13, 1889, and in consideration of the sum of $15 conveyed 500 acres of land located on Buffalo Horn creek in Martin county. The deed contained this recitation:

"The above Five Hundred acres being sold at Sheriff's for tax and purchased by said John E. Cassel, and is now conveyed and deeded back to said John Pack."

Appellant offered in evidence a deed executed June 9, 1882, by P. Cassady, sheriff of Martin county, to John E. Cassel. This deed recited that P. Cassady was sheriff of Martin county during the year 1880, and there was placed in his hands for collection the sum of $10.80 as taxes against Walbridge and Fulkerson heirs, due by them for the year 1870, and that after levying upon and advertising for sale the land thereinafter described, he did, on January 12, 1880, sell the land to John E. Cassel for the sum of $10.80. The land was described as follows:

"It being all the land owned and claimed by Walbridge & Fulkerson heirs in said district and on said creek and containing 2,000 acres. Said land

adjoins the land of Timothy Justice and John E. Cassel and John Pack and all the land owned and claimed or listed by them at said place. And for better description of said lands reference is had to the deed to said Walbridge & Fulkerson heirs.''

These deeds indicate either that John Pack had failed to pay the taxes due on his land and same had been sold by the sheriff and conveyed by him by a tax deed to John E. Cassel and later conveyed by Cassel to Pack, or that the land covered by the tax deed was a wholly different tract from the one here in controversy. In neither event did the title to the minerals under the 50-acre tract pass to the grantee. If John Pack failed to pay the taxes due on the land for the year 1879 and by reason of that fact it was sold by the sheriff, only title to the surface passed, as that was all that Pack owned at that time.

In an action to quiet title where no counterclaim is set up and no affirmative relief is asked, the plaintiff must allege, and, if denied, prove both title to the property, either paper or possessory, and possession. Alcorn v. Superior Oil Corp., supra; Hatton v. Williams' Ex'r, 259 Ky. 548, 82 S. W. (2d) 774; Bentley v. Kentland Coal & Coke Co., 242 Ky. 511, 46 S. W. (2d) 1077; Boreing v. Garrard, 210 Ky. 135, 275 S. W. 374.; Southern Oil Co. v. Holman, 196 Ky. 250, 244 S. W. 762. The defendants did not ask for affirmative relief, and the plaintiff having failed to sustain the burden cast upon him, the court should have dismissed the petition.

His claim of title by adverse possession is based chiefly on the fact that his predecessor in title executed an oil and gas lease on the 50-acre tract in controversy in 1912. No drilling was done under the lease. This did not constitute adverse possession of the minerals. Smith v. Graf, 259 Ky. 456, 82 S. W. (2d) 461. When the minerals underlying a particular tract of land have been conveyed, the owner of the surface holds possession of them as trustee for the owner of the mineral estate, and, in order to cause limitations to run against the grantee of the minerals, the owner of the surface estate must openly repudiate the trust and give the owner of the mineral estate notice thereof or, by mining or drilling operations, take actual possession of the minerals. Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S. W. (2d) 394;

564

Stratton v. McGuire, 249 Ky. 101, 60 S. W. (2d) 380; Hoskins v. Northern Lee Oil & Gas Co., 194 Ky. 628, 240 S. W. 377. And the rights of the holder of the legal title to the minerals are not affected by a non-user unless there is adverse possession for the statutory period. Ratliff v. Sinberg, 258 Ky. 203, 79 S. W. (2d) 717; Franklin Fluorspar Co. v. Hosick, 239 Ky. 454, 39 S. W. (2d) 665; Gray-Mellon Oil Co. v. Fairchild, 219 Ky. 143, 292 S. W. 743; Stoffler v. Edgewater Coal Co., 198 Ky. 523, 249 S. W. 753; Scott v. Laws, 185 Ky. 440, 215 S. W. 81, 13 A. L. R. 369. Sections 2505 and 2508 of the Kentucky Statutes, relied upon by appellee, therefore have no application. These statutes merely fix the time within which an action for the recovery of real property must be brought, but, before they can be invoked, adverse possession must be shown. Turner v. Begley, 239 Ky. 281, 39 S. W. (2d) 504.

The judgment is reversed, with directions to dismiss plaintiff's petition.