## Madden et al. v. Bond et al.

(Decided June 1. 1937.)

**32**

WM. LEWIS & SON for appellants.

L. C. LITTLE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Alleging that they were the owners, and entitled to the possession of a 125-acre tract of land located on the waters of Laurel fork of Rockcastle River, and described in the petition, and that the defendants were wrongfully keeping them out of possession of the land, Eller Bond, Robert Price, Dora Price, and Dewey Price brought suit in equity against Adeline Madden, Abe Madden, and Neely Adkins to quiet their title, and recover damages in the sum of $100 for wrongful detention of the land. After her demurrer to the petition had been overruled, Adeline Madden filed an answer and counterclaim denying the title of plaintiffs, and pleading that she was the owner of the land, and asking that her title be quieted. On final hearing the chancellor granted the relief prayed, and Adeline Madden and Neely Adkins have appealed.

As the action is one to quiet title, appellee's failure to allege and prove possession would have been fatal to the maintenance of the action if appellants had merely denied their title, Fields v. Couch, 169 Ky. 554, 184 S. W. 894; Combs v. Jones, 244 Ky. 512, 51 S. W. (2d) 672, but appellants did not stop there. They went further and filed a counterclaim alleging that they were the owners of the land, and asking that their title be quieted. Where that is the case, possession is waived, and the court will determine the question of title without considering possession. Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667. Taking up the question of title, we find the following situation: A. J. Vaughn, the

husband of Adeline Vaughn, bought the tract of land from Harvey Price, the father of appellees. While Adeline and her husband were living on the land, he abandoned her and left the country. About that time, Harvey Price brought suit against the husband, A. J. Vaughn, to recover the balance of the purchase price, and enforce his vendor's lien on the land. The land was sold and purchased by Harvey Price, who conveyed the land to appellees on October 4, 1926. There was further evidence that the same land was conveyed to Harvey Price by one John Tincher, who acquired title by a commissioner's deed conveying the interest of Jane Hellard, I. A. Privitt, Peter Wolfenbarger, and others. There was also a deed on record showing that the same land, or a part of it, was conveyed by Harrison Adkins to Adeline Adkins by deed dated March 5, 1877. On the other hand, appellant claims title through an auditor's deed made on October 25, 1919. The auditor's deed describes the boundary of land in question, and shows that it was assessed and listed for taxation in the name of J. F. Engle heirs for the year 1912, and that it was sold and forfeited to the commonwealth on January 24, 1913, for the nonpayment of taxes due on the land. The deed also shows that the land, not having been redeemed within two years, was sold on October 20, 1919, to Adeline Vaughn for $15.24. However, the evidence disclosed that neither J. F. Engle nor his heirs ever owned the property in question, but that they owned a different tract of land located several miles away.

Where, in an action to quiet title, the defendant files a counterclaim alleging ownership, and asking that his title be quieted, he only waives the question of possession, and plaintiffs have the burden of proving their title. Southern Oil Co. v. Holman, 196 Ky. 250, 244 S. W. 762; Moren v. Houston, supra. Adeline Madden was not a party to the action brought by Harvey Price to enforce his vendor's lien on the land, and the case is not one where she and plaintiffs traced their title to a common source, and plaintiffs were not required to prove title further back than the common source. Jones v. Johnson, 223 Ky. 478, 3 S. W. (2d) 1064. On the contrary, plaintiffs claim title through Harvey Price, and Mrs. Madden claims title through the auditor's deed. In the circumstances, it was necessary for plaintiffs to prove title deducible from the

commonwealth, or by adverse possession. Hatton v. Williams' Ex'r, 259 Ky. 548, 82 S. W. (2d) 774. Though plaintiffs traced their title back for a number of years, they failed to show that the land had ever been patented, and that they derived title from the patentee. They also failed to show that they and their predecessors in title had held the land adversely for fifteen years, or that they had ever been in possession of the land. In the circumstances, they were not entitled to a judgment quieting their title. Bentley v. Kentland Coal & Coke Co., 242 Ky. 511, 46 S. W. (2d) 1077. With respect to affirmative relief, Adeline Madden occupies no better position, as she too failed to show title of record, or by adverse possession.

We are asked, if the case must be reversed, to reverse it for a new trial, but it is not perceived how that may be done. The case was brought in equity, the proof was taken by depositions, and by agreement of the parties the case was submitted to the court for opinion and judgment. In the circumstances, it does not come within any of the exceptions to the rule that, in equity cases, final judgment will be directed.

Wherefore, the judgment is reversed and cause remanded with directions to dismiss the petition.