# Warfield Natural Gas Co. et al. v. Danks et al.

(Decided Jan. 11, 1938.)

KIRK & WELLS, W. R. McCOY and H. A. RITZ for appellants.
J. B. CLARK for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The suit was instituted by Thomas S. Danks and his sister, Mrs. Ruth Danks White, against Warfield Natural Gas Company and Virginian Gasoline & Oil Company. The plaintiffs alleged that they were the holders of the legal title to, and the owners and in possession of a certain described tract of land "containing, as is supposed, 200 acres, be there more or less," in Martin county, and that the defendants were making claims hostile and adverse to their title. The court was asked to quiet plaintiffs' title. The defendants merely traversed the allegations of ownership and possession of the plaintiffs, and admitted that they claimed title. An amended petition averred that the "Benjamin Say patent," under which the defendants were attempting to claim the property, had never been properly located, and when properly located would be void. It pleaded the provisions of section 251 of the Kentucky Constitution as a bar to any claims the defendant might have to the property under that patent. This was traversed of record. The decree quieted plaintiffs' title to the land described in the petition, which, however, was shown

to be only 61.28 acres instead of 200. The defendants appeal.

We regret the appellees' confidence in the strength of their position is such that they submit the case on their own part without brief. The correctness of the judgment is not so obvious to us.

It is well settled that in order to sustain an action brought under section 11, Kentucky Statutes, to quiet title, if the defendants do not set up any counterclaim asking for affirmative relief, the plaintiff must prove title and actual possession of the land. Southern Oil Company v. Holman, 196 Ky. 250, 244 S. W. 762; Boreing v. Garrard, 210 Ky. 135, 275 S. W. 374; Brown v. Martin, 239 Ky. 146, 39 S. W. (2d) 243; Hale v. Horn, 265 Ky. 560, 97 S. W. (2d) 402.

The plaintiffs traced title to the land in controversy to a patent for 400 acres issued by the commonwealth of Kentucky to W. M. Stepp on July 21, 1858. The defendants established devolution of title from a grant by the commonwealth of Virginia to Benjamin Say of 15,000 acres in what was then Fayette county, Va., dated November 13, 1786, made pursuant to a survey of March 29, 1785. This same grant was the source of title to a tract of 364 acres also claimed under a Kentucky grant to James Stepp on September 4, 1858, involved in Burger v. Allen, 211 Ky. 742, 277 S. W. 1032.

If the 61.28-acre parcel here involved is in fact embraced by the correctly located Benjamin Say grant, there seems no question but what it is within that portion of the 15,000 acres to which the defendants have record title. And if it is, then the defendants, now appellants, own it by reason of an older and superior title, provided appellees' contentions, as stated in their amended petition, as to the effect of the Constitution, are not sustainable.

As is true here, in Burger v. Allen, supra, the plaintiff must have recovered by virtue of her own title. Though the court found that neither of the defendants had succeeded in proving an unbroken chain of title in himself back to the Benjamin Say grant, yet, as stated in the opinion, "regardless of that fact, if as a matter of fact, when properly located, it covers and embraces the 364 acres of land claimed by appellee herein, her title must fail because inferior to that of the 15,000-

acre tract. If the location of that tract of land made by appellants herein is correct, then it covers the lands claimed by appellee, and her title must fail because junior and inferior.'' We were not able to say—in part, as indicated, because of the omission of certain exhibits—either that the location of the Say grant as made by the appellants was correct or that when properly located it included the tract involved in that suit claimed by the appellees; hence affirmed the judgment of the chancellor.

The record of the Benjamin Say grant before us now is complete. The defendants produced elaborate and exhaustive technical, historical, and factual evidence establishing the location of the Benjamin Say grant and showing that that portion of the 15,000 acres now owned by them embraces the 61.28 acres claimed by the appellees. Upon the determinative point of the true location of the grant, the evidence presented by the plaintiffs is not very persuasive because of lack of knowledge or definiteness of their witnesses. The engineer introduced by them seems not to have undertaken an actual survey of the Say grant, but only to have located what he deemed a correct corner, and, excepting to run the line down the river, to have made a paper survey or map from the record. His testimony is by no means convincing that the disputed tract is outside the confines and boundary of appellants' land. The evidence relating to possession is of like comparative value. We conclude, therefore, on the whole case, that the plaintiffs did not succeed in establishing a superior title.

By the terms of section 4704, Kentucky Statutes, a junior patent issued since 1835 is void and no title can, therefore, be acquired under it. Mason v. Fuson, 171 Ky. 111, 186 S. W. 891; Mullins v. Robinson, 210 Ky. 461, 276 S. W. 156; Golden v. Blakeman, 223 Ky. 517, 3 S. W. (2d) 1095; Osborn v. Osborn, 246 Ky. 378, 55 S. W. (2d) 39.

Section 251 of the Kentucky Constitution reads:

''No action shall be maintained for possession of any lands lying within this state, where it is necessary for the claimant to rely for his recovery on any grant or patent issued by the Commonwealth of Virginia, or by the Commonwealth of Kentucky prior to the year one thousand eight hundred and twenty, against any person claiming such lands by

possession to a well-defined boundary, under a title of record, unless such action shall be instituted within five years after this Constitution shall go into effect, or within five years after the occupant may take possession; but nothing herein shall be construed to affect any right, title or interest in lands acquired by virtue of adverse possession under the laws of this Commonwealth.''

The Act of the General Assembly of April 20, 1892 (chapter 29, page 44, Acts of 1891-92-93, and for many years published as sections 2377, 2378, and 2379 of the Statutes), based upon this section of the Constitution, was held invalid in Shaw v. Robinson, 111 Ky. 715, 64 S. W. 620, 23 Ky. Law Rep. 998. See, also, Flinn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961. However, the interpretation of section 251 of the Constitution, in Shaw v. Robinson, and subsequent cases, particularly in Golden v. Blakeman, supra, is that the limitation prescribed cannot be asserted as a defense by a party claiming under a void patent. In the Golden opinion, the effect of the constitutional provision was given careful and analytical consideration, and it was held that a party whose title was deducible from a patent issued by Virginia in 1787 had title superior to one who traced his title back to a patent issued by Kentucky in 1846. That opinion controls the instant case.

We are of opinion that the judgment is erroneous and that the court should have dismissed the plaintiffs' petition.

Judgment reversed.