## Boyd v. Salisbury, Sheriff, et al.

Oct. 10, 1944.

Harry R. Burke for appellant.

J. B. Clarke, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Ernest Boyd, owns a triangular shaped lot in the town of Martin in Floyd county. The lot is 26 feet wide at its southern end and extends northwardly about 78 feet to a point. It is bounded on the west by a street 30 feet wide known as First street, and on the east by the right of way of the Chesapeake & Ohio Railway Company. In 1930, under an agreement between the Chesapeake & Ohio Railway Company and

the town of Martin, a road or street was constructed on the railroad right of way along the eastern boundary of appellant's lot. This street intersects First street at the northern tip of appellant's lot and connects First street and Kentucky State Highway No. 80 which it intersects at the point where the highway crosses the railroad right of way a short distance south of appellant's lot. After the construction of this street, a crossing farther north on an old road connecting First street and Kentucky State Highway No. 80 was abandoned. Two or three years before this litigation arose the street connecting First street and the highway was paved with concrete. The paving is 18 feet wide. At the northern tip of appellant's lot the concrete paving extends about 6 feet west of the railroad right of way onto his lot. He made no objection to this encroachment. In 1940 he made preparations to enclose his lot with a fence, and drilled two holes in the concrete pavement at the point he deemed to be the northern boundary. He was arrested under a warrant issued by the county judge of Floyd county charging him with obstructing a public passway, and was fined $10. A capias pro fine was issued and placed in the hands of the sheriff. Boyd then brought this action against the county judge, the sheriff, and the justices of the peace of Floyd county to enjoin the defendants from proceeding upon warrants of arrest against him for obstructing the claimed passway. He alleged that he was the owner and in possession of the tract of land or lot lying between First street in the town of Martin and a paved street extending along the railroad right of way and abutting the lot on the east; that he was threatened with a multiplicity of prosecutions and had no adequate remedy at law for the reason that the fine in each of the threatened prosecutions is fixed by law at the sum of $10. In an amended petition he made Dr. W. L. Stumbo and G. D. Ryan defendants. Dr. Stumbo died during the pendency of the action, and the case was revived in the name of his widow, Anna Stumbo, the sole beneficiary under his will.

Dr. Stumbo was the owner of the Beaver Valley Hospital located on the west side of First street and directly across the street from the north portion of appellant's lot. G. D. Ryan owns two lots on the west side of First street; one on which his residence is located south of the hospital and across First street from the south portion of appellant's lot, and the other north of

the hospital. On the second lot Ryan conducts a funeral home. In the amended petition it was alleged that Stumbo and Ryan were claiming an easement over appellant's lot, and were casting a cloud upon his title by giving out in words and speech that they owned certain rights in the tract of land. It was also alleged that the defendants were daily committing trespasses by driving automobiles and other vehicles across the lot. The plaintiff asked that the defendants be enjoined from trespassing upon the land in question, and in both the petition and amended petition asked that his title to the land be quieted. Separate answers were filed. In each answer it was alleged that plaintiff's grantor, more than 20 years before the institution of the suit, dedicated the land described in the petition as a street or road for the use of the general public, and that for more than 20 years the general public, including the defendants, Stumbo and Ryan, had continuously traveled across it and used it as a public road, all with the consent of the plaintiff and his grantor and without objection on the part of either.

Appellant purchased the lot in 1930 from Mrs. Dolly Dingus, who inherited a tract of land from her father, Thomas Osborne, about 1916. In 1918 she employed Townsel Combs, a civil engineer, to divide and lay off this tract into streets, alleys, and lots. A map was made and filed in the county clerk's office. Among the lots laid off were the lots on the west side of First street on which Dr. Stumbo's hospital and Ryan's residence and funeral home are located, and the V-shaped lot on the east side of First street now owned by appellant. After he purchased the lot in 1930, appellant erected a two-story building, part of which is used as a residence and part as a store and restaurant. The building is located on the south end of the lot. Between the hospital and Ryan's residence lot is a street known as Cross street, which intersects First street at a point opposite the center of appellant's lot. It is appellees' contention that the portion of appellant's lot opposite the mouth of Cross street and just north of the building on his lot has become a continuation of that street by dedication or prescriptive use. A large amount of evidence was introduced by the appellees, but it wholly failed to show that Dr. W. L. Stumbo, G. D. Ryan or the general public acquired any rights in appellant's lot either by dedication or prescription. Dr. Stumbo, while county judge

of Floyd county, had a large amount of gravel stored in the vicinity of the lot. Most of the gravel was used in improving the streets around the Beaver Valley Hospital, which occupies an entire square, but some of the gravel was spread on appellant's lot with his consent. It is argued that this amounted to a dedication of the land as a street by the owner, but the proof shows that Dr. Stumbo merely sought permission to place some excess gravel on the lot and permission was granted, but there is nothing to indicate that there was any intention on the part of appellant to dedicate the land as a street or that Dr. Stumbo, at that time, so interpreted the permission granted. There is no evidence that Mrs. Dingus made any dedication of a passway over the land before she conveyed it to appellant, and neither the town of Martin nor Floyd county has ever treated the land in question as a public road. An effort was made to show that a passway by prescription existed, but all the evidence was to the effect that travel across appellant's lot began after the construction of the road or street on the railroad right of way in 1930 and that during a considerable period of time between 1930 and the institution of this action the lot was enclosed by a fence without objection from anyone. Undoubtedly, appellant is estopped from claiming the portion of his lot now covered by the concrete paving, but there is no issue in this respect since he waived any claim thereto during the course of the trial.

The chancellor dismissed the petition because the appellant failed to establish ownership of the lot in question since he failed to trace a record title back to the Commonwealth. In a suit of this nature it is essential that the plaintiff establish his own title, but title by adverse possession is sufficient. Madden v. Bond, 269 Ky. 31, 106 S. W. 2d 95. The proof shows that Dolly Dingus acquired the land in question from her father, Thomas Osborne, who had purchased it more than 50 years ago and had used it continuously for farming purposes. The evidence was sufficient to establish appellant's title by adverse possession, and he was entitled to the injunction prayed for in his petition and amended petition.

The judgment is reversed with directions to enter a judgment in conformity herewith.