**ALUMINUM COMPANY OF AMERICA,**
Appellant,

v.

**J. S. FRAZER, Appellee.**

Court of Appeals of Kentucky.

Nov. 21, 1958.

Rehearing Denied Nov. 6, 1959.

Raymond B. Dycus, Smithland, and B. M. Westberry, Marion, for appellant.

Edward H. Johnstone, Princeton, Wm. C. Allen, Marion, for appellee.

STANLEY, Commissioner.

The appellant, Aluminum Company of America, hereinafter Alcoa, set up in its complaint its title and possession, both surface and minerals, of a tract of 293.25 acres as described by metes and bounds, charged that the defendant, now appellee, J. S. Frazer, was making a hostile claim to part of the land and had trespassed upon it. The plaintiff prayed that the defendant be required to state by what right or title he was claiming an interest in the land, that he be enjoined from entering and prospecting upon it, and that the plaintiff's title be quieted.

In his answer Frazer admitted Alcoa's title to the land except to the minerals in a part which lay east of a described line, and he denied the plaintiff had title to the minerals in such part. The defendant entered a counter-claim in which he prayed that his title to the minerals in that portion of the tract be quieted. Thereafter he filed an amended answer and counter-claim in which he more particularly described by metes and bounds the parcel to which he claimed title, and charged the plaintiff with making a hostile claim to it. He prayed that his title be quieted. A reply traversed material allegations and thus raised an issue as to the defendant's title.

Under order of court the defendant answered interrogatories propounded by the plaintiff and set forth, among other things, that he had obtained title to the minerals in the land in dispute by a deed to a body of 1,037 acres from the Master Commissioner of the Crittenden Circuit Court which had been executed pursuant to a judicial sale of the property of J. Handy Moore, deceased, for a division of the proceeds among his widow and heirs. This deed is dated November 26, 1947. The defendant further stated that the description in this deed, as was the description in a previous deed to the surface of the land to Corley and Butler by Moore's heirs in 1917, was erroneous because the calls and distances do not coincide with the monuments referred to and do not accurately state the lines or the land which Moore had owned. Defendant submitted four deeds to separate parcels, dated in 1903 and 1904, to Moore, which Frazer has contended throughout the case accurately define the boundary line between his property and the property of Alcoa and its predecessors. The defendant set forth his chain of title, as he contends, back to the Commonwealth. But he starts it with the 1903 and 1904 conveyances to his predecessor, J. Handy Moore, and goes back from them. It does not appear any proceeding was ever had to correct the alleged mistake.

The plaintiff gave its chain of title back to the Commonwealth in answers to interrogatories propounded by the defendant.

Upon the defendant's motion for a jury trial of all issues in the case and over the objection of the plaintiff, who insisted that there were no issues triable by a jury since the action was one to quiet title, the court empaneled a jury which heard much evidence concerning the title of the respective parties as it particularly related to the boundary line. The court submitted to the jury in a number of instructions the question of the correct location of the boundary line—as to whether it was as claimed by Alcoa or as claimed by Frazer. The jury found for the defendant and upon the verdict the court entered judgment quieting Frazer's title as described in his amended answer and counter-claim.

 We think the position of the plaintiff that the issue was not triable by jury is correct, for the adjudication of title to land is peculiarly one for a court of equity. See Chenault v. Eastern Kentucky Timber &

Lumber Co., 119 Ky. 170, 83 S.W. 552; Boone v. Robinson, 151 Ky. 715, 152 S.W. 753, Ann.Cas.1915A, 352, and cases cited therein; Consolidation Coal Co. v. Vanover, 166 Ky. 172, 179 S.W. 43; Gibson v. Central Ky. Natural Gas Co., Ky., 321 S.W.2d 256, also, 8 Am.Jur., Boundaries, § 86; 44 Am. Jur., Quieting Title, § 85; 11 C.J.S. Boundaries §§ 98, 99. Under the conclusion we have reached, for reasons following, further comment on this point is unnecessary.

■ It seems not to be disputed that the boundary line described in the Commissioner's deed conveying the minerals from Moore's heirs to Frazer is the same as that which Alcoa contends is the true line. Thus, his record title does not embrace the land in controversy. Frazer rested his claim to the minerals in it by reaching beyond that line to another line described, as he claims, in several conveyances to Moore when he acquired the land in 1903 and 1904. Frazer has contended throughout that that is the true boundary line rather than the line described in his own deed. It is familiar law that the right of a party to relief, if he has any, depends on the strength of his own title, not on the weakness of the title of the hostile claimant. A party must allege and prove legal title in himself if the answer denies his title. The burden rests upon the defendant who claims title in a counter-claim to establish the title which he has set up to defeat the plaintiff's claim of ownership. A party is confined to his own boundary and cannot acquire title by merely claiming beyond that boundary. Brown v. White, 153 Ky. 452, 156 S.W. 96; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S.W. 130, Ann.Cas.1917E, 629; Hatton v. Williams' Ex'r, 259 Ky. 548, 82 S.W.2d 774; Wynn v. Gover, 268 Ky. 562, 105 S.W.2d 636. If a party's paper title does not embrace the land he claims, he must establish title by prescription arising from adverse possession for the term prescribed by the statute. The counter-claimant, Frazer, made no claim under adverse possession of the area beyond his east line as it is described in his Commissioner's deed. The judgment, therefore, is erroneous in quieting the defendant's title on his counter-claim.

Therefore, the case is resolved into one where the plaintiff sued to quiet its title and the defendant failed to establish his counter-claim. But he had denied plaintiff's title.

■ Our cases in such a situation are not definitely clear. We have held that where a defendant had denied plaintiff's title, the plaintiff still had the burden of proving his title. Smith v. Slusher, 291 Ky. 600, 165 S.W.2d 38. It was held in Flinn v. Blakeman, 254 Ky. 416, 71 S.W.2d 961, where a party proved his paper title and did not go back of it, the burden shifted to his adversary to overcome such title. But in Varney v. Orinoco Mining Co., 201 Ky. 571, 257 S.W. 1016, and Hopkins v. Slusher, 266 Ky. 300, 98 S.W.2d 932, 108 A.L.R. 662, it was held where a plaintiff in a suit to quiet title had failed to establish title in himself, he could not complain of the insufficiency of the evidence upon which the court adjudged the title to be in the defendant since the plaintiff did not own the land and was not concerned as to who the court determined to be the true owner. And in Stearns Coal & Lumber Co. v. Douglas, 299 Ky. 314, 185 S.W.2d 385, we held where the plaintiff failed to prove it had any title or interest in the land, that judgment should have gone for the defendant and counter-claimant who had established title by adverse possession, and that the plaintiff as appellant was in no position to complain of the finding for the appellee. So it is in the case at bar. Frazer having failed to prove his own title to the parcel in controversy and Alcoa having shown it had title, the court as a matter of law should have quieted Alcoa's title.

We may add that Alcoa did not confine itself to proving its immediate paper title but assumed the burden of tracing its title back to the Commonwealth. It produced grants and a continuous chain of conveyances. The plats made by its engineers from the descriptions in the grants and many mesne conveyances show a re-

markable similarity or exactness of the line which it contended was the true line.

The judgment is accordingly reversed with directions to enter judgment quieting Alcoa's title.

Judgment reversed.