Charlie KEPHART, Appellant,

v.

R. T. RUCKER, Appellee.

Court of Appeals of Kentucky.

May 15, 1964.

Thomas & Thomas, New Castle, for appellant.

Berry & Floyd, New Castle. for appellee.

CLAY, Commissioner.

This is an appeal from a judgment of the Henry Circuit Court in an action to quiet title to real estate. The present litigation is an outgrowth of two sales conducted by the Master Commissioner of the Henry Circuit Court in a former action in which the real estate of the late Jessie Stivers was sold.

The land of Stivers was a farm, situated partly in Shelby and partly in Henry counties. The Master Commissioner conducted two sales, one in Henry and the other in Shelby County. Appellant was the purchaser at the Henry County sale; appellee bought the property sold in Shelby. The Master Commissioner's sale in each county was advertised and conducted according to the respective descriptions of the lands as recited in the pleadings and judgment in the first suit.

The description of the land bought by appellant was by reference to abutting owners, and was concluded with the expression "containing 2½ acres, more or less." The tract purchased by the appellee was described by courses and distances, purporting to embrace 20 acres, less a tract sold off, which off-conveyance was said to contain one acre, and was described by reference to abutting owners.

After the parties had made their respective purchases, and before the sales had been confirmed by the Henry Circuit Court, they arranged to meet on the property for the purpose of agreeing on the construction of a boundary fence between their respective parcels of land. They were unable to agree as to the proper location of the boundary. Thereupon they reported the situation to the attorney who had practiced the land sale suit, with a view to having the matter resolved. The attorney engaged the services of a surveyor, who went on the property, accompanied by the appellant and appellee. The surveyor made a survey, using the appellant and appellee as chain carriers. The appellant was not satisfied with the boundary line as determined by the surveyor, and made known to appellee and others his dissatisfaction.

It was brought out at the time of the survey that there had been an off-conveyance from the original 2½ acres Henry County tract prior to the land suit, although reference to this had been inadvertently omitted from the pleadings and all other proceedings in the land suit. The surveyor testified that he accepted the boundary line between the tracts of appellant and appellee as pointed out to him by W. M. Rucker, father of appellee. W. M. Rucker testified that he had personal knowledge of the location of the established boundaries as recognized by the individuals who were former owners, and whose names appear as the abutting owners in the description of the appellant's tract.

The evidence disclosed that an old fence, now in bad repair, exists on the boundary line used by the surveyor. W. M. Rucker testified that he had known of the existence of the fence for forty years. There was no testimony refuting this evidence of the boundary location.

The calculations of the surveyor revealed 1.55 acres in the tract surveyed to appellant and 24.43 acres in the tract surveyed to the appellee. Appellant continued to maintain that he was not satisfied with the results of the survey, but took no affirmative action seeking any remedy until accepting a deed from the Master Commissioner. In fact, the appellant filed no exception to the Master Commissioner's report of sale, but did move for permission to pay the purchase money bonds before maturity; this motion was sustained, and appellant paid the entire purchase price into court. Appellee did not file any exception to the report of sale and also paid his purchase money bonds before maturity.

The commissioner's deed to appellant bears date August 4, 1959. It was not until April 7, 1960, that appellant instituted this suit wherein he asserted that he was entitled to 6½ acres, more or less, rather than 2½ acres, more or less. He charged that there had been an error in the original land sale suit, and that he is entitled to be declared the owner of all the land in Henry County which had been owned by Jessie Stivers. Appellant asserted that appellee claims to be the owner of a portion of lands claimed by appellant, and asked that he be required to set up his claim or be barred, and prayed that his title be quieted and for injunctive relief to prevent appellee from coming on his land. The allegations of the complaint bring it within the framework of a quiet-title action authorized by KRS 411.120.

■ By the terms of the statute, and according to the decisions of this court, the plaintiff in a quiet-title action has the burden to establish his title; he may not succeed on the weakness of the title of his adversary. Madden v. Bond, 269 Ky. 31, 106 S.W.2d 95; Hunt v. Cassity, 297 Ky. 716, 181 S.W.2d 248; Noland v. Wise, Ky., 259 S.W.2d 46; Ellis v. Chestnut, Ky., 289 S.W.2d 740; Aluminum Co. of America v. Frazer, Ky., 328 S.W.2d 142.

■ The same authorities just cited support the proposition that the requisite proof of possession is waived, generally, when the defendant asserts ownership by counterclaim. However, the waiver of proof of possession does not waive the required proof of title by the plaintiff claimant.

■ The appellant, plaintiff below, failed to establish any title, record or otherwise, to any land in addition to the tract of 1.55 acres surveyed to him. Appellant's right to the 1.55 acres was never contested by appellee. Appellant may take no comfort in any weakness in appellee's proof on his counterclaim. Aluminum Co. of America v. Frazer, Ky., 328 S.W.2d 142.

Our conclusion makes it unnecessary to decide whether appellant's conduct in accepting the commissioner's deed and failing to file exceptions to the report of sale constituted a waiver of his claim, or whether such activity amounted to an estoppel against him. It is observed that the judgment of the trial court was predicated upon waiver and estoppel. We do not base our opinion here on either principle.

The judgment below dismissed the complaint without any adjudication of what land, if any, is owned by the appellant. In this respect, we believe the judgment erroneous. Since there is no issue between the parties as to appellant's ownership of the 1.55 acres surveyed to him, the judgment shall be modified to reflect that fact. The lower court correctly adjudged that appellee owned the 24.43 acres, as between these parties.

The judgment is affirmed in part and reversed in part for proceedings consistent with this opinion.